**Orlando REYES, Appellant,**

v.

**The State of Texas, Appellee.**

**No. 01–00–01262–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 2, 2001.

Glen R. Peterson, New Braunfels, for Appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, for State.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

### ORDER ON CONTINUING ABATEMENT

PER CURIAM.

Appellant was charged with aggravated sexual assault of a child and pleaded guilty without an agreed recommendation from the State. After a pre-sentence investigation (PSI) hearing, the trial court found appellant guilty and assessed punishment at 45 years confinement. Appellant filed a motion for new trial and a supplemental motion for new trial. The trial court denied the motions without conducting a hearing. Among his points of error on appeal, appellant claims the trial court abused its discretion by not holding a hearing on his motion for new trial.

We abate this appeal for 90 days and remand the cause for the trial court to conduct a hearing to adduce evidence in connection with appellant's motions for new trial.

#### Hearing on Motion for New Trial

Appellant argues that he is entitled, at a minimum, to an abatement of this appeal

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

to conduct an evidentiary hearing to develop a complete record.

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Butler v. State,* 6 S.W.3d 636, 642 (Tex.App.—Houston [1st Dist.] 1999, pet. filed). If a defendant's motion for new trial and supporting affidavit are sufficient to raise a matter not determinable from the record, a hearing on the motion is mandatory. *Id.* A defendant need not establish a prima facie case for a cognizable ground raised in a motion for new trial; he must assert only reasonable grounds for relief that cannot be determined from the record in order to be entitled to an evidentiary hearing. *Torres v. State,* 4 S.W.3d 295, 296 (Tex.App.—Houston [1st Dist.] 1999) (order). The purpose of the hearing is for a defendant to fully develop the issues raised in a motion for new trial. *Id.* The standard of review is abuse of discretion. *Simpson v. State,* 962 S.W.2d 57, 58 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

The trial court denied both of appellant's motions for new trial without a hearing. Attached to the motions are fiats and proposed orders for a hearing date; however, the orders are blank and contain no signature. The record reveals appellant's first motion for new trial was denied on the same day it was filed, and the supplemental motion was denied seven days after it was filed.

The State contends appellant did not request hearings on his motions and relies on *Carranza v. State,* 960 S.W.2d 76, 82 (Tex.Crim.App.1998), arguing "[a]n unsigned order and fiat is insufficient by itself to prove that appellant requested a hearing on the motion for new trial." However, the State's reliance on *Carranza* is misplaced because, in that case, the motion for new trial was never "presented" to the trial court and the motion was overruled by operation of law. 960 S.W.2d at 79. Here, the trial court actually denied appellant's motions, and there is no question but that the motions were presented.

Appellant has asked this Court to abate the appeal. We agree that an abatement is proper to conduct a hearing to present the evidence that would have been introduced had a hearing on the motion for new trial been held. *See Torres,* 4 S.W.3d at 297–98. We conclude, for the reasons set out below, that, under these circumstances, the trial court abused its discretion by not conducting a hearing on appellant's motion for new trial wherein he alleged he received ineffective assistance of counsel resulting in an involuntary plea of guilty.

The original motion for new trial was supported by appellant's own affidavit and his trial counsel's affidavit. The supplemental motion requesting the court to reconsider his motion for new trial was supported by the affidavit of an attorney who had met with appellant. These affidavits raised issues not determinable from the record, including whether trial counsel was ineffective by (1) not explaining to appellant, who only admitted to fondling the complainant with his *hand,* that the indictment charged him with penetrating or contacting her anus with his *sexual organ,* and (2) misleading and/or pressuring appellant to plead guilty to a first degree felony offense when he only admitted committing a second degree felony.[1] Without

1. Appellant's trial counsel makes the following statement in an affidavit attached to appellant's motion for new trial:

I went over the allegations in the offense report, but in hindsight it is possible that [appellant] may have believed because he fondled the [complainant's] vagina that the

a hearing on the motion for new trial, we cannot determine the content of the conversations between appellant and his lawyer.

In appropriate cases, abatement is proper. *See* TEX. R. APP. P. 43.6 (providing that "court of appeals may make any other appropriate order that the law and the nature of the case require"); TEX. R. APP. P. 44.4 (providing that if trial court's error or failure to act prevents proper presentation of case on appeal and trial court can correct its error or failure to act, court of appeals "must not affirm or reverse"; instead, it "must direct the trial court to correct the error"); *Jack v. State,* 42 S.W.3d 291, 294 (Tex.App.—Houston [1st Dist.] 2001) (order) (holding "[w]hether abatement is appropriate will depend, of course, on the facts of each case").

Accordingly, we abate this appeal for 90 days and remand to the trial court to conduct a hearing on the appellant's motions for new trial. We direct that the statement of facts of the hearing on the motions for new trial and the judge's signed order be certified and sent to our Clerk for filing in this proceeding. *See Torres,* 4 S.W.3d at 298. The statement of facts shall be sent to this Court no later than 90 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this court's active docket when the statement of facts is filed in this Court.

It is so **ORDERED.**

[S]tate could convict him of the offense charged in the indictment. [Appellant] never admitted to me that he penetrated the [complainant] or touched her with his penis. *My strategy in the PSI when [appellant]* denied penetrating the [complainant] was to try to get [appellant] to admit his plea because if he did not admit guilt in his testimony the Judge might use the denial of guilt against him in punishment.