Opinion issued March 25, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00419-CR




A.G. RADCLIFF, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 758269




MEMORANDUM OPINION

          Appellant, A.G. Radcliff, pleaded guilty to sexual assault. He received eight-years’ deferred adjudication and was ordered to pay $700 in fines and serve 20 hours
per month of community service. After failing two drug tests, appellant was
adjudicated and sentenced to confinement for 20 years. On appeal, appellant
contends (1) he received ineffective assistance of counsel at his sentencing hearing
and (2) the trial court erred in denying his motion for new trial on the basis of
ineffective assistance of counsel at his sentencing hearing.
          We affirm.
Facts & Procedural History
          Appellant received eight-years’ deferred adjudication after pleading guilty to
sexually assaulting his niece. Subsequently, appellant tested positive for cocaine use
on two occasions. On the basis of appellant’s cocaine use, the State requested an
adjudication of appellant’s guilt. At the adjudication hearing, appellant pled true to
the allegations of cocaine use and asked to be placed on a drug rehabilitation program
in lieu of prison. 
          Numerous members of appellant’s family—including the complainant’s
mother—appeared at the sentencing hearing to testify on appellant’s behalf and to
request drug treatment. Nancy Frank, appellant’s sister, appeared at the hearing, but
was not called to testify. Also, the complainant in the underlying cause did not appear
but sent the trial court a letter that requested appellant be placed on a drug
rehabilitation program instead of being given a prison sentence. 
 
          The trial court adjudicated appellant’s guilt and assessed punishment at
confinement for 20 years. After the time to request a new trial had expired, appellant
sought an out-of-time appeal, asserting that he lacked representation during the 30-day
period following judgment. The Court of Criminal Appeals agreed, directing the trial
court to allow the out-of-time appeal. Subsequently, appellant’s appeal came before
this Court and we abated the appeal, remanding the cause to the trial court for the
filing of an out-of-time motion for new trial. 
          The motion for new trial that followed included an affidavit from John Choate,
appellant’s trial counsel during the sexual assault and adjudication hearings. 
Appellant also presented to the court affidavits from the members of his family who
testified on his behalf at the sentencing hearing, as well as Nancy Frank. The trial
court considered appellant’s motion for new trial on submission and denied it.
Ineffective Assistance of Counsel
          In his first point of error, appellant asserts that he was denied effective
assistance of counsel during his sentencing hearing. Specifically, appellant asserts
that trial counsel was ineffective for the following reasons:
          1.       Although trial counsel offered Teen Challenge as a possible drug
rehabilitation program for the court to consider, he did not offer
alternative programs;
 
          2.       Trial counsel failed to have appellant’s customers testify concerning his
full time employment;
 
 
          3.       Trial counsel failed to clarify the time frame in which appellant lacked
drug treatment prior to his cocaine use;
 
          4.       Trial counsel failed to expound on appellant’s drug problem during
closing arguments;
 
          5.       Trial counsel’s closing argument requested a second chance for
appellant’s family instead of appellant, himself;
 
          6.       Trial counsel failed to call Nancy Frank as a character witness;
 
          7.       Trial counsel failed to discover that appellant had a limited I.Q. and poor
reading comprehension skills;
 
          8.       Trial counsel failed to acquire a basic knowledge of drug dependency and
treatment or to understand appellant’s attitude towards appellant’s
alcohol and drug addiction;
 
          9.       Trial counsel failed to understand the character witnesses’ attitudes
concerning appellant, drug addiction, and incest; 
 
          10.     Trial counsel failed to prepare appellant’s witnesses;
 
          11.     Trial counsel advised appellant that appellant could not appeal the trial
court’s ruling on the motion to adjudicate.
 
          To determine whether a defendant has been denied effective assistance of
counsel, we follow the standard set forth in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984). The two-pronged test for ineffective assistance of
counsel set out in Strickland applies to sentencing proceedings. Hernandez v. State,
988 S.W.2d 770, 772 (Tex. Crim. App. 1999). First, appellant must demonstrate that
counsel’s representation fell below an objective standard of reasonableness under
prevailing professional norms. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064;
Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st Dist.] 1998), aff’d,
990 S.W.2d 274 (Tex. Crim. App. 1999). Second, appellant must establish that
counsel’s performance was so prejudicial that it deprived him of a fair trial. Id.  
          Thus, appellant must show that a reasonable probability exists that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998); Davis
v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, writ ref’d). We
cannot speculate beyond the record provided. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no writ). Appellant must overcome the presumption that trial
counsel’s strategy was sound. Gamble, 916 S.W.2d at 93.
          An appellant “making a claim of ineffective assistance must identify the acts or
omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). 
 
          In the instant case, appellant’s first six allegations of ineffective assistance of
counsel concern trial decisions that were strategic in nature. Although appellant’s
motion for new trial included trial counsel’s affidavit, the affidavit does not address
trial counsel’s trial strategy. Thus, the record is silent as to the reasons and strategy
behind trial counsel’s actions. We presume both that trial counsel is better positioned
than the appellate court to judge the pragmatism of the particular case and that counsel
made all significant decisions in the exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). To deviate from these
presumptions on the basis of the limited record before use would call for speculation,
which we will not do. Gamble, 916 S.W.2d at 93.
          In his seventh allegation of ineffective assistance of counsel, appellant asserts
that trial counsel failed to discover appellant had limited reading comprehension skills. 
Although trial counsel indicated in his affidavit that he believed appellant to be literate
at the time of appellant’s plea, appellant concedes that he intentionally withheld his
illiteracy from trial counsel because appellant “was too embarrassed to admit that [he]
could not read.” Thus, trial counsel’s ignorance was due to appellant’s intentional
withholding of the information. We will not fault trial counsel for the intentional
withholding of vital information by his client. See Cannon v. State, 668 S.W.2d 401,
403 (Tex. Crim. App. 1984). 
 
          In his eighth and ninth allegations of ineffective assistance of counsel, appellant 
contends that trial counsel failed to sufficiently investigate the nature of drug
dependency, as well as appellant’s and his family’s attitude towards alcohol, drug
abuse, and incest. Despite appellant’s contention, the record before us does not
indicate the extent of trial counsel’s investigation. Further, there is no evidence in the
record that trial counsel lacked an understanding of the complained of subjects. For
a finding that trial counsel failed to properly investigate a matter, the record must
affirmatively show how trial counsel’s investigation was lacking. See Stults v. State,
23 S.W.3d 198, 208-09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). The
record before this court makes no such showing; thus, we are unable to determine that
trial counsel failed to properly investigate the complained of matters without engaging
in speculation, which—as we have already noted—we will not do.
          Appellant’s tenth allegation of ineffective assistance of counsel contends that
trial counsel failed to prepare appellant’s witnesses before the sentencing hearing. The
record shows trial counsel called five witnesses to testify during the punishment
hearing. Appellant, himself, was included in that number. These witnesses testified
as to appellant’s good moral character, his battles with drug and alcohol addiction, and
his ability to overcome addiction with the aid of a drug rehabilitation program. The
witnesses’ affidavits indicate that trial counsel did not discuss with them the questions
that he would ask or the manner in which the witnesses should respond. However,
they do not indicate how additional preparation of the witnesses could have affected
the outcome of the trial. The witnesses’ testimony at the sentencing hearing contained
no glaring irregularities that could have been avoided by additional preparation, and
appellant does not indicate how further preparation would have improved such
testimony. Without a showing of prejudice, we cannot conclude that trial counsel’s
preparation of the witnesses constituted ineffective assistance of counsel. See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
          Appellant’s eleventh allegation of ineffective assistance of counsel contends
that trial counsel advised appellant that he could not appeal the trial court’s ruling on
the motion to adjudicate. Indeed, trial counsel’s affidavit states that he “advised
[appellant] that he had no right to appeal from the judge’s Motion to Adjudicate and
that he could hire other counsel to handle any appellate questions that he may have.” 
We do not find appellant’s statement constituted ineffective assistance of counsel as
it was generally a correct statement of the law, and trial counsel further recommended
that appellant seek appellate counsel for more information regarding his specific rights
to appeal.
          After considering appellant’s allegations regarding ineffective assistance of
counsel, we hold that appellant has failed to show by a preponderance of the evidence
that trial counsel’s representation fell below an objective standard of reasonableness 
 
under prevailing professional norms or that trial counsel’s performance was so
prejudicial that it deprived appellant of a fair trial.
          We overrule appellant’s first point of error.
Motion for New Trial
           In his second point of error, appellant asserts that the trial court erred in
denying him a new trial, because appellant received ineffective assistance of counsel 
at his sentencing hearing.
          The standard of review of the denial of a motion for new trial is abuse of
discretion. Reyes v. State, 82 S.W.3d 351, 353 (Tex. App.—Houston [1st Dist.] 2001,
pet. ref’d). A trial court abuses its discretion when it acts in an arbitrary or
unreasonable manner, or in other wording, if it acts without reference to any guiding
rules or principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990). 
          In the instant case, the applicable guiding rules and principals to which the trial
court was to adhere are the same Strickland standards enunciated and employed 
above. Having determined that trial counsel was not ineffective under Strickland, we
also hold that the trial court did not abuse its discretion in denying appellant’s motion
for new trial.
          We overrule appellant’s second point of error.
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).