NO. 07-07-0178-CR, 07-07-0179-CR and 07-07-0186-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2008
_____

JUAN MANUEL GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-300050, D-1-DC-06-300153, D-1-DC-06-300049;

HONORABLE CHARLES F. BAIRD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Juan Gomez appeals three convictions and sentences committing him to the Texas Department of Criminal Justice, Institutional Division, for the offenses of aggravated robbery, aggravated kidnapping, and robbery. In two of the appeals appellant presents an argument on the merits, but in the third case his counsel filed an *Anders* brief[1]

---

[1] *See Anders v. California,* 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

and motion to withdraw. For the reasons that follow, we affirm the judgments of the trial court in each case and grant counsel's motion to withdraw.

## Background

Testimony showed that, about 10:00 p.m. on December 20, 2005, appellant and two other men approached Ester Maldonado and her adult daughter Tomi Cepeda in an Austin laundromat. One of the three pulled a gun on Maldonado and Cepeda and demanded money. Another frisked Cepeda, who was eight months pregnant. When Cepeda asked the trio to leave because she was pregnant, appellant, who apparently frisked Cepeda, convinced the gunman they should depart. The trio then left the laundromat.

Testimony also showed that during the early morning of January 4, 2006, appellant and two men approached Jeremiah Murphy near the entry of his girlfriend's Austin apartment. One of the three brandished a gun and ordered Murphy to the ground. On discovering he had no cash but an ATM card, they took the keys to his vehicle and forced him to leave the apartment grounds with them. In the vehicle, appellant, seated in the passenger seat, held a gun on Murphy. Another member of the trio drove and the third rode in the bed of the truck. Unbeknownst to the kidnappers, Murphy's girlfriend witnessed the events from her apartment and summoned police. Outside the apartment complex a police cruiser gave chase.

2

Appellant was subsequently apprehended and indicted for the aggravated robbery[2] and aggravated kidnapping[3] of Murphy and the aggravated robbery of Maldonado. The State filed these allegations as separate offenses in cause numbers D-1-DC-06-300153, the robbery of Maldonado; D-1-DC-06-30049, the aggravated kidnapping of Murphy; and D-1-DC-06-30050, the aggravated robbery of Murphy.[4] Appellant plead guilty to each offense although by agreement the charge of aggravated robbery of Maldonado was reduced to the lesser offense of robbery.[5] Unable to reach a punishment agreement with the State, appellant elected to have the court set punishment. The court accepted appellant's guilty pleas but deferred sentencing for preparation of a pre-sentence investigation report.

Appellant testified during the punishment hearing, as did his father and girlfriend. By his testimony, appellant admitted his involvement in the offenses.

The court sentenced appellant to concurrent terms in the Texas Department of Criminal Justice, Institutional Division of twenty years for the robbery of Maldonado, fifteen years for the aggravated kidnapping of Murphy, and thirty years for the aggravated robbery of Murphy.

---

[2] Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2004).

[3] Tex. Penal Code Ann. § 20.04(b) (Vernon 2004).

[4] We hereinafter refer to each cause number only by its last three digits.

[5] Tex. Penal Code Ann. § 29.02(a) (Vernon 2004).

3

Appellant filed motions for new trial in each case which the court denied without a hearing. These appeals followed.

Denial of Evidentiary Hearing on Motions for New Trial

In a single issue, appellant contends in cause numbers 049 and 050:

"The trial court abused its discretion in denying appellant's motion for new trial without conducting an evidentiary hearing on the issues of an involuntary plea/ineffective assistance of counsel."

We review a trial court's denial of an evidentiary hearing on a motion for new trial for an abuse of discretion. *Wallace v. State,* 106 S.W.3d 103, 108 (Tex.Crim.App. 2003). A defendant's right to a hearing on a motion for new trial is not absolute. *Rozell v. State,* 176 S.W.3d 228, 230 (Tex.Crim.App. 2005). Thus, a trial court is not required to conduct a hearing of the defendant's motion for new trial if the matters raised in the motion are determinable from the record, or if the motion and supporting affidavits are not sufficient to put the trial court on notice that reasonable grounds for a new trial may exist. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App. 1994).

To deter "fishing expeditions," a prerequisite to a hearing on a motion for new trial is that the motion must be supported by an affidavit showing the truth of the grounds of attack. *Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). The affidavit offered in support "must reflect that reasonable grounds exist for holding that such relief could be granted." *Martinez v. State,* 74 S.W.3d 19, 21 (Tex.Crim.App. 2002) (*quoting Jordan,* 883 S.W.2d at 665). Generally, a hearing is necessary if the motion and attached affidavit or

4

affidavits raise matters not determinable from the record that could entitle the defendant to relief. *Wallace,* 106 S.W.3d at 108. In reviewing a trial court's failure to conduct a hearing of a motion for new trial, the appellate court must ask "whether, on this record, the trial court could have reasonably denied appellant *a hearing* on his motion for new trial." *Wallace,* 106 S.W.3d at 108 (emphasis in original). The trial court does not abuse its discretion when it overrules the motion without a hearing if the motion and accompanying affidavits do not show the movant could be entitled to relief. *See Wallace,* 106 S.W.3d at 108.

Besides a timely filed motion with supporting affidavits that demonstrate reasonable grounds for relief, the rule requires timely presentation of the motion to the trial court. *See* Tex. R. App. P. 21.6; *Rozell,* 176 S.W.3d at 230. "[T]o present a motion in the context of a motion for new trial, the defendant must give the trial court actual notice that he timely filed a motion for new trial and [that he] requests a hearing on the motion for new trial." *Rozell,* 176 S.W.3d at 230. In other words, if a defendant desires a hearing on a motion for new trial, he must request one. *Id.* Absent a request for a hearing, the reviewing court need not decide whether the trial court abused its discretion in failing to hold a hearing on a motion for new trial. *Id.*

Here, appellant timely filed motions for new trial on March 6, 2007. Absent from the record is evidence of an express request for a hearing on the motions.[6] For purposes of

---

[6] Attached to each motion is a page containing a certificate of presentment, which is signed by appellant's counsel and the trial judge. Immediately below the certificate appears a generic order for setting the hearing of a motion for new trial. The order contains a space for entry of the date appellant filed his motion for new trial. The space is blank. The order also contains spaces for the court to specify a date and time of

this opinion, we will assume, but do not decide, that appellant requested an evidentiary hearing when he delivered generic orders to the court at the time of presentment of the motions.

We proceed, then, to the inquiry whether appellant's motions and affidavits show reasonable grounds entitling him to a hearing of the motions. *Jordan,* 883 S.W.2d at 665. A trial court may not accept a plea of guilty unless it appears the plea was entered freely and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2007). A prima facie showing that the plea of an accused was knowing and voluntary is made when the record shows the accused received admonishments in compliance with article 26.13 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2007); *Smith v. State*, 857 S.W.2d 71, 73 (Tex.App.–Dallas 1993, pet. ref'd); *Soto v. State,* 837 S.W.2d 401, 405 (Tex.App.–Dallas 1992, no pet.). The burden then shifts to the defendant to show he did not understand the consequences of his plea. *See Smith,* 857 S.W.2d at 73-74; *Soto,* 837 S.W.2d at 405. An appellant who claims his plea was involuntary due to ineffective assistance of counsel must show by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness, and the deficiency rendered his guilty plea unknowing and involuntary. *Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex.App.–Houston [1st Dist.] 1996, pet. ref'd), *citing Rodriguez v. State,* 899 S.W.2d 658, 664-66 (Tex.Crim.App.1995), *cert. denied,* 516 U.S.

---

hearing. These spaces also are blank. Appellant's motions do not request a hearing. Rather, they ask the court to grant a new trial. Nor do the orders of the trial court in response to appellant's motions deny a hearing of the motions; rather, they deny the motions.

946, 133 L. Ed. 2d 307, 116 S. Ct. 385 (1995). *See also Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Significant misinformation by counsel that induces a guilty plea makes the plea involuntary. *Ex parte Kelly*, 676 S.W.2d 132, 134-35 (Tex.Crim.App. 1984); *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex.App.–Houston [1st Dist.], pet. ref'd).

By his affidavits supporting his motions for new trial, appellant averred his trial counsel misled him into guilty pleas with no agreement for punishment under the belief the court would render a more lenient sentence than the State's plea bargain offer on punishment of fifteen years confinement. In his brief, appellant tells us that he "did not recognize that he could receive more than the State's offer by following his attorney's advice."

Appellant does not contend the trial court's admonitions concerning the possible sentencing range were inadequate, and we find the court properly admonished appellant concerning the range of punishment, both orally and in writing. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2007).[7] After placing appellant under oath, the court determined that appellant had no mental illness, his attorney had answered all his questions, and he understood the purpose of the hearing. In response to the court's questioning, appellant admitted guilt for the offenses alleged. According to appellant, his plea was not based on a promise or compulsion. Appellant agreed with the court that his

---

[7] The written admonishment contained the statements signed by appellant and his counsel required by art. 26.13(d) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2007).

counsel and the State were unable to reach an agreement for punishment. Appellant acknowledged his decision that the court set punishment. The court then explained the available sentencing range spanned five years to life in prison. Appellant acknowledged his understanding of the punishment possibilities. Again he agreed that the punishment decision was left to the discretion of the court.

The thesis of appellant's affidavit testimony in support of his motions for new trial is he lacked understanding of the plea paperwork and the consequences of rejecting the State's plea offer and leaving sentencing to the judge. In his affidavits, appellant stated he intended to accept the State's plea bargain offer of fifteen years confinement but based on his counsel's representation that "he could get [appellant] a better deal if [he] plead guilty and 'tried' the case to the judge," he rejected the plea offer. Concerning the plea paperwork, appellant's affidavits said, "I did not read or go over the entire paper before I signed it. [Trial counsel] did not go over the plea paperwork with me word for word. What I remember is that he basically pointed out where I should sign my name, and I did so."

The record of in-court proceedings tells a different story. At the plea hearing, in the presence of appellant, his trial counsel asked to explain on the record some aspects of appellant's signing of the plea papers. He explained appellant's reading and writing deficiencies and told the court he discussed the waiver of rights document with appellant "as if he were a Spanish speaker." Counsel continued, telling the court, "In other words, we went over and looked at each line and discussed it and what it meant because his language skills are very limited." Appellant expressed no disagreement. To the contrary, in response to specific questioning by the court that followed, appellant, under oath, agreed

8

that his attorney explained the document to him. Appellant told the court, "Yes, he explained it."[8]

Appellant urges *Torres v. State,* 4 S.W.3d 295 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd) and *Reyes v. State,* 82 S.W.3d 351 (Tex.App.–Houston [1st Dist.] 2001, pet. ref'd) support his claim of trial court error. We disagree.

In *Torres,* the parties waived a court reporter for the sentencing hearing so no record existed of the trial court's admonishments and the responses or other testimony of the defendant. 4 S.W.3d at 296. Further, the opinion does not discuss the effect of the defendant's responses to any written admonishments. Here, the reporter's record sets forth both the breadth of the court's admonitions and inquiry of appellant at the plea hearing as well as appellant's unequivocal responses.

The facts in *Reyes* likewise distinguish it from the case at bar. There, based on the affidavits of the appellant, his trial counsel, and another attorney, the appellate court found issues concerning the content of conversations between the appellant and his counsel not determinable from the record. 82 S.W.3d at 353-54. *Reyes* did not present a record containing detailed and proper oral and written admonishments, clear and unequivocal affirmative responses by the defendant, and a post-trial affidavit proffering the attempted denial of plea-hearing testimony. The merits of appellant's assertions in his motions for

---

[8] The reporter's record does not reflect that appellant exhibited difficulty understanding or responding to questions from counsel or the court, either at the plea hearing or during his testimony at the punishment hearing. During his punishment testimony, for example, appellant voiced an apology to the victims of the offenses.

9

new trial denying that he and his trial counsel thoroughly reviewed the plea admonishments were fully determinable from the record, without a hearing.[9]  Accordingly, the case at bar, unlike *Reyes*, comes within the settled rule that a hearing on a motion for new trial is not required if the issue is determinable from the record. *See Macri v. State,* 12 S.W.3d 505, 510 (Tex.App.–San Antonio 1999, pet. ref'd) (*citing Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App. 1993)).

As noted, appellant also contends his guilty plea was induced by his counsel's misrepresentation that his punishment following an open plea would be less than the State's fifteen-year offer.  As appellant describes it in his affidavit, he understood from his lawyer's advice that turning down the State's plea offer was a no-lose deal for him, because if he plead guilty the court could not sentence him to more years confinement than the State offered, but could sentence him to fewer years.  The contention runs directly contrary to appellant's affirmative responses to the court that he understood the court's admonishments.[10]  To be entitled to a hearing on his motions, appellant was not required to present facts establishing a prima facie case his plea was rendered involuntary by

[9] Not only was the matter of appellant's review of the plea papers with his counsel determinable from the record, the record reflects that the same judge who admonished appellant and conducted the plea and sentencing hearings ruled on his motions for new trial.  The direct conflicts between appellant's affidavit testimony and his statements in open court, and between the affidavit testimony and appellant's trial counsel's representations to the court, were therefore known by the trial judge when he considered the motions for new trial and whether to hold an evidentiary hearing.

[10] Regarding sentencing, the court specifically asked appellant, "You understand, sir, that the full range of punishment is available to me, as little as five and all the way to confinement for life?  Do you understand that?" When appellant responded affirmatively, the court continued, "And you are leaving that to me and my discretion?" Appellant again responded affirmatively.

significant misinformation from his counsel. *See Jordan,* 883 S.W.2d at 665. But he was required to submit more than a new statement of his understanding of the available range of punishment, different from the understanding he expressed when the court questioned him about that very matter. In the face of his responses to the court's clear admonitions, appellant's affidavit does not present a reasonable ground for holding that his guilty plea was induced by a misrepresentation by his counsel.

For the same reason, we find appellant's affidavits presented no reasonable basis supporting the necessity of an evidentiary hearing of appellant's claim of ineffective assistance of counsel. *See Messer v. State,* 757 S.W.2d 820, 827-28 (Tex.App.–Houston [1st Dist.] 1988, pet. ref'd) (defendant plead guilty after receiving notice in open court that all sentencing options were available, agreed he understood the court's punishment latitude, and stated no promises were made to obtain his plea; second prong of the *Strickland* standard not met). The record required no development to allow the trial court to conclude the facts asserted in appellant's affidavit would not support a finding of ineffective assistance of counsel under *Strickland*. *See Hernandez v. State,* 84 S.W.3d 26, 35 (Tex.App.–Texarkana 2002, pet. ref'd) (*citing Messer*, 757 S.W.2d at 828, and finding no abuse of discretion in failure to hold hearing on motion for new trial asserting ineffective assistance led to guilty plea).

Concluding the trial court did not abuse its discretion by failing to hold an evidentiary hearing before overruling appellant's motions for new trial, we overrule appellant's single issue in cause numbers 049 and 050.

11

*Anders* Brief in Cause Number 153

In cause number 153, appellant filed a motion for new trial asserting the verdict was contrary to the law and evidence. The motion, unlike those filed in cause numbers 049 and 050, did not contain a supporting affidavit or otherwise argue ineffective assistance of counsel resulted in an involuntary plea. By an order identical to those in 049 and 050 the court denied the motion. Appellant does not now complain of the trial court's failure to grant a hearing of the motion. Rather, his counsel filed a motion to withdraw from appellate representation and a brief pursuant to *Anders v. California,* 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellate counsel states he diligently reviewed the record and in his professional opinion there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. He further represents that a copy of the *Anders* brief was served on appellant. Attached to the brief was a copy of a letter from counsel to appellant notifying him of his right to respond to the *Anders* brief and review the record. *See Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court notified appellant that his attorney filed an *Anders* brief and motion to withdraw and he was entitled to review the record and respond. Appellant made no response.

We will not rule on counsel's motion to withdraw until we have independently examined the entire record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If we determine the appeal has merit, we will remand the case to the trial

court for appointment of new appellate counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

The brief of appellant's counsel discussed the procedural history of the case and the evidence presented at trial. Counsel supported his discussion with citations to the record and cases where applicable. Counsel specifically identified two issues. The first was evidentiary, concerning appellant's sole trial objection, which the court overruled, and the second the court's order overruling appellant's motion for new trial. In both instances, counsel found the absence of reversible error.

We have reviewed the entire record for any non-frivolous grounds on which an appeal of cause number 153 could arguably be founded. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford,* 813 S.W.2d at 511. In conducting our review we also considered the record of cause numbers 049 and 050. While a certain inconsistency exists in the appellate positions asserted in cause numbers 049 and 050, which raise a merits argument, and the *Anders* claim here, we are not obligated to abate and remand this case for appointment of new appellate counsel. Although briefed on the merits, the appeals of cause numbers 049 and 050 present no points with arguable merit. *See Anders* 386 U.S. at 744 (a frivolous appeal is one without arguable merit). We, therefore, agree with counsel that the record in cause number 153 presents no meritorious issue which would support an appeal.

Conclusion

In cause numbers 049 and 050, we find the trial court did not abuse its discretion by not conducting a hearing of appellant's motions for new trial. We affirm the judgments of the trial court in cause numbers 049 and 050. In cause number 153, we grant counsel's motion to withdraw[11] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[11] Counsel shall, within five days after this opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.