**Order issued April 29, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-12-00649-CR**

_____

**SACAJAWEA WARREN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case No. 1301748**

## MEMORANDUM ORDER

Appellant, Sacajawea Warren, pleaded guilty to the offense of burglary of a building with intent to commit theft, without an agreed recommendation regarding punishment. Appellant further pleaded "true" to two felony enhancement paragraphs. A pre-sentencing investigation was conducted. The trial court found

appellant guilty, found the enhancements true, and assessed punishment of confinement for two years. Appellant filed a motion for new trial, asserting that her plea was involuntary because her counsel was ineffective and seeking to withdraw her plea and proceed to trial. The trial court denied appellant's motion for new trial without a hearing. Appellant moves to abate the appeal for a hearing on her motion for new trial. We grant the motion, abate the appeal, and remand the case to the trial court for a hearing on appellant's motion for new trial.

We may abate an appeal and remand the case to the trial court for a hearing on a timely-filed motion for new trial if (1) a hearing was requested, (2) the motion was timely presented to the trial court, and (3) the appellant was entitled to a hearing, that is, the matters raised in the motion and accompanying affidavit (A.) are not determinable from the record and (B.) "reflect that reasonable grounds exist for holding that such relief could be granted." *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *Green v. State*, 264 S.W.3d 63, 66–67 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Reyes v. State*, 82 S.W.3d 351, 353 (Tex. App.—Houston [1st Dist.] 2001, order). The standard of review is abuse of discretion. *Reyes*, 82 S.W.3d at 353.

2

First, the clerk's record reflects that appellant timely filed a motion for new trial and affidavit. *See* TEX. R. APP. P. 21.4. In addition, appellant requested a hearing on her motion for new trial.[1] *See Green*, 264 S.W.3d at 66–67.

Second, because the record shows that the trial court ruled on appellant's motion for new trial the same day it was filed, the record reflects that appellant timely presented the motion to the trial court. *See* TEX. R. APP. P. 21.6; *Green*, 264 S.W.3d at 67.

Finally, we consider whether the motion for new trial and accompanying affidavit raise matters that (A.) are not determinable from the record and (B.) reflect that reasonable grounds exist for holding that such relief could be granted. *See Wallace*, 106 S.W.3d at 108.

(A.) *Matters Not Determinable from the Record*

We first consider whether appellant's motion for new trial and accompanying affidavit raise matters that are not determinable from the record. *See id.*

---

[1] In her motion for new trial, appellant stated that a hearing must be held "before the 75th day after the sentence, which is August 29, 2012, or this motion is overruled by operation of law." In addition, the motion states that appellant seeks relief on the basis of the written reasons, as well as "other reasons that may arise on the hearing." Appellant further provided spaces in the motion for the trial court to complete in setting a hearing. The form is blank. However, when, as here, the trial court has ruled on the motion for new trial itself, the record need not reflect a ruling on the request for a hearing. *See Torres v. State*, 4 S.W.3d 295, 296–98 (Tex. App.—Houston [1st Dist.] 1999, order).

In her motion for new trial,[2] appellant alleged that, at approximately 9:30 p.m. on the date of the alleged offense, she, a licensed real estate agent, and her husband went to a house to inspect it prior to signing a contract to purchase the house. Appellant had purchased a key from her broker, as required. Appellant alleged that, as they were leaving the house, a Houston Police officer intercepted them. Appellant asserted that they tried to explain their purpose at the house, but that the officer arrested them. Appellant was charged with burglary with intent to commit theft for having attempted to steal a stove, to which she pleaded guilty without an agreed recommendation.

Appellant further asserted in her motion for new trial that, prior to entering her plea, her trial counsel had encouraged her to go to trial. On April 9, 2012, according to appellant, after numerous trial re-settings, appellant appeared with counsel, expecting to pick a jury and proceed to trial. Appellant asserted that counsel seemed "overly concerned about his personal divorce case which was pending in the Harris County Family Court and was scheduled for trial." Counsel requested a continuance on this basis; however, the trial court denied the

---

[2]  By affidavit appended to her motion for new trial, appellant swore to the specific facts she alleged in her motion. Her affidavit, coupled with the motion, provides the requisite notice of the basis for the relief claimed. *See Hobbs v. State*, 298 S.W.3d 193, 200–01 & n.32 (Tex. Crim. App. 2009); *see also Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (stating that "the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted").

continuance and ordered counsel to return on April 10, 2012, ready to proceed. Appellant alleged that, thereafter, counsel's demeanor changed, and that, "[w]hereas prior in time he had counseled [appellant] to refuse to plea to a lesser charge of trespass, he was now stampeding [her] into pleading guilty to the burglary charge without a recommendation." Appellant alleged that counsel stated "that he would not be able to cross examine the police and that she would be found guilty and go directly to jail." Appellant asserts that counsel "further stated that if [I] pleaded guilty without an agreed recommendation and with a presentence investigation, . . . I would get probation." Appellant asserted that she felt she had no choice but to plead guilty. After which, the trial court sentenced her to confinement for two years.

Thus, appellant complains that her plea was involuntary because she was denied effective assistance of counsel. Specifically, appellant alleges that counsel coerced her into pleading guilty without an agreed recommendation by erroneously telling her that, if she pleaded guilty, she would get community supervision and by telling her that he would refuse to cross-examine the police officer.

A defendant's election to plead guilty is not voluntary if it is based on erroneous advice of counsel. *See Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). Appellant's motion for new trial raises matters not determinable from the record because, without a hearing on appellant's motion for new trial, we

5

cannot determine the content of the conversations between appellant and counsel leading up to appellant's plea. *See Wallace*, 106 S.W.3d at 108; *Reyes*, 82 S.W.3d at 353–54 (holding that, without hearing on motion for new trial, court could not "determine the content of the conversations" between defendant and his lawyer and could not evaluate claim that defendant received ineffective assistance of counsel resulting in involuntary plea).

(B.) *Reasonable Grounds for Relief*

Next, we determine whether appellant's motion for new trial and affidavit reflect that reasonable grounds exist for holding that relief on appellant's claim of ineffective assistance of counsel could be granted. *See Wallace*, 106 S.W.3d at 108. "To do so, the appellant must allege facts that would reasonably show that [her] counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for [her] counsel's conduct," appellant would not have pled guilty and would have insisted on going to trial. *Smith v. State*, 286 S.W.3d 333, 340–41 (Tex. Crim. App. 2009) (applying *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068 (1984)).

Appellant complains that her counsel was ineffective because he coerced her into pleading guilty without an agreed recommendation by erroneously telling her that, if she pleaded guilty, she would get community supervision. A guilty plea is

not rendered involuntary simply because an attorney may have raised an erroneous expectation of community supervision or the sentence exceeds what was expected, even if the expectation was raised by the defendant's attorney. *See West v. State*, 702 S.W.2d 629, 633 (Tex. Crim. App. 1986). Hence, appellant's motion for new trial does not establish reasonable grounds for relief on this point. *See Hernandez v. State*, 84 S.W.3d 26, 33 (Tex. App.—Texarkana 2002, pet. ref'd) (concluding that trial court did not abuse its discretion by failing to conduct hearing on motion for new trial in which appellant alleged that his open plea was based on counsel's erroneous assurances of community supervision, because appellant stated in record that he understood his plea, that it was not induced by promises, and that trial court would consider full range of punishment); *Messer v. State*, 757 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd) (holding that unjustified assurances made by trial counsel regarding likelihood defendant would be given community supervision did not render appellant's guilty plea involuntary, given that defendant was informed court would consider entire punishment range and defendant stated in open court that his guilty plea was not induced by any promises).

Appellant further complains, however, that her counsel was ineffective because he coerced her into pleading guilty without an agreed recommendation by telling her that he would refuse to cross-examine the police. A decision not to

7

cross-examine a witness can constitute sound trial strategy. *Dannhaus v. State*, 928 S.W.2d 81, 88 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). An ineffective assistance of counsel claim cannot be based on a difference of opinion concerning strategy. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Here, however, in her motion for new trial, appellant alleged fact issues regarding the circumstances at the house on the night of the incident and alleged that counsel refused to cross-examine the police officer who intercepted and arrested appellant at the house. A failure or refusal to cross-examine any of the State's witnesses can constitute deficient performance by counsel. *See Wenzy v. State*, 855 S.W.2d 47, 50–51 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (concluding that counsel's representation of defendant, including that counsel did not cross-examine any of the State's witnesses, was constitutionally deficient in that counsel did not play adversarial role contemplated by Sixth Amendment). "An attorney who represents a criminal defendant is bound by professional duty to present all available evidence and arguments in support of his client's position, and to contest with vigor all adverse evidence and views." *Id.* (quoting *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977), quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 787, 93 S.Ct. 1756, 1762 (1973)). Hence, appellant alleged facts in her motion for new trial and affidavit that reflect that reasonable grounds exist for holding that relief could be granted. *See Wallace*, 106 S.W.3d at 108.

8

As to the prejudice prong, appellant must show a reasonable probability that, absent counsel's conduct, she would have insisted on going to trial, that is, that "a particular proceeding would have occurred." *See Johnson v. State*, 169 S.W.3d 223, 231 (Tex. Crim. App. 2005) (discussing defendant who contends that his guilty plea was involuntary because of ineffective assistance of counsel). Appellant was not required to show that the case would have received a more favorable disposition had she gone to trial. *Id.* We consider the circumstances surrounding the plea. *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999). "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *Ex parte Ali*, 368 S.W.3d 827, 833 (Tex. App.—Austin 2012, pet. ref'd).

Appellant asserts that trial had been set and reset numerous times before she appeared with counsel for trial on April 9, 2012. Appellant asserts that, on that day, she expected to pick a jury and proceed to trial. However, counsel asked for a continuance based on his personal divorce case, which the trial court denied, and the trial court instructed appellant and counsel to appear the next day, ready for trial. Appellant alleged that, after the trial court refused the continuance, counsel's demeanor changed toward her, and he told her that he would not cross-examine the police. The next day, appellant pleaded guilty without an agreed recommendation. Appellant alleged facts in her motion for new trial that demonstrate a reasonable probability that she would have insisted on going to trial, but for the alleged

conduct of counsel. *See Johnson*, 169 S.W.3d at 231.

In sum, appellant's motion for new trial raises matters not determinable from the record and reflects that reasonable grounds exist for holding that such relief could be granted. *See Wallace*, 106 S.W.3d at 108 (stating that motion need not establish a prima facie case for a new trial; rather, it "must merely reflect that reasonable grounds exist for holding that such relief could be granted"); *Reyes*, 82 S.W.3d at 353–54. We conclude that appellant was entitled to a hearing on her motion for new trial.

Accordingly, we abate this appeal and remand the case to the trial court to conduct an evidentiary hearing within 60 days from the date of this order.[3] *See Thomas v. State*, 286 S.W.3d 109, 117 (Tex. App.—Houston [14th Dist.] 2009, order). If the trial court grants the motion for new trial, appellant's appeal will be dismissed. If the motion is overruled, the reporter's record is to be supplemented. Any ruling is to be included in a supplemental clerk's record. The reporter's record and supplemental clerk's record must be filed in this Court within 30 days after the date of the hearing. The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on the

---

[3]     *See* TEX. R. APP. P. 44.4 (providing that if trial court's error or failure to act prevents proper presentation of case on appeal and trial court can correct its error or failure to act, court of appeals "must not affirm or reverse," but "must direct the trial court to correct the error").

Court's active docket when the reporter's record and supplemental clerk's record have been filed in this Court.

/s/ Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).