**Opinion issued July 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00160-CR

———————————

**ANTONIO BERMUDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1370940**

---

## O P I N I O N

A jury found Antonio Bermudez guilty of aggravated assault.[1] He filed a

motion for new trial complaining of his trial counsel's inability to hear unspecified

portions of the trial. He further asserted that his attorney's inability to hear

---

[1]     TEX. PENAL CODE ANN. § 22.02 (West 2011).

effectively deprived him of his sixth amendment right to counsel. The trial court denied the motion without a hearing. On appeal, he argues that the trial court abused its discretion by not holding a hearing. We hold that (1) Bermudez preserved this issue for appellate review but (2) his motion does not present reasonable grounds to assert a violation of the sixth amendment right to counsel. Accordingly, we affirm.

## Background

Bermudez hired two attorneys to represent him at trial. One of those attorneys, who served as lead trial counsel, has poor hearing. Bermudez's other defense attorney, who second-chaired the trial, has no hearing loss.

Approximately six times during the four-day trial, the lead defense attorney asked either the trial judge or a witness to speak up or repeat a phrase. When the attorney complained of difficulty hearing bench conferences, the trial court agreed to simply dismiss the jury during the conferences so that the parties could talk at a normal volume. The attorney also had trouble hearing several witnesses, especially one witness who spoke so softly that the trial court paused the testimony to make sure the jury could hear what the witness was saying.

Bermudez timely filed a motion for new trial, contending that his lead attorney could not hear unspecified portions of the trial but, he alleges, did not always alert the trial court to that fact. Bermudez filed a second, identical motion

2

ten days later. The motion explicitly requests a hearing, outlines evidence to be adduced at that hearing, and includes a proposed order to set a date for a hearing on the motion. The trial court denied the motion on the same day without a hearing.

Bermudez timely appealed. In his sole issue, he contends that the trial court abused its discretion by denying his motion without granting him a hearing to fully develop evidence in support of the motion.

### Preservation of Error

The State contends that Bermudez waived any error from the failure to hold a hearing on the motion. To preserve error, an appealing party must present a timely, specific complaint to the trial court and obtain a ruling or refusal to rule. TEX. R. APP. P. 33.1. In this case, the State concedes that Bermudez timely filed his motion for new trial and presented it to the trial court. But it argues that Bermudez failed to specifically request a hearing on his motion or, alternatively, failed to obtain a ruling on the request.

Bermudez's motion begins: "Defendant . . . requests a hearing." The motion relies on facts "that the evidence at a hearing on this motion for new trial will show . . . ." It concludes: "Mr. Bermudez respectfully requests this Court to set a hearing on his motion . . . ." It includes two proposed orders. The first, which the trial court did not sign or mark in any way, is an order to set a hearing on the

motion. The second, which the trial court signed, disposes of the motion "[u]pon consideration of the motion *and argument of counsel . . . .*" (emphasis added).

The State, citing *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009), contends that merely attaching an order to set a hearing, without something more, fails to preserve error. The State also cites *Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014), to contend that "[b]oiler plate language in the prayer is not sufficient to put the court on notice that the appellant wants a hearing." But Bermudez's motion requests a hearing twice. It is predicated on facts to be established at a hearing. Bermudez attached a proposed order to set a hearing and another to dispose of the motion based on "argument" at that hearing. This is more than mere boilerplate language—it is an attempt to obtain a hearing.

Moreover, the motions in both *Gardner* and *Perez* were never presented to a trial court and were overruled by operation of law. *Gardner*, 306 S.W.3d at 305; *Perez v. State*, No. 10-11-00253-CR, 2013 WL 3770953, at *5 (Tex. App.—Waco July 18, 2013) (mem. op., not designated for publication), *aff'd*, 429 S.W.3d 639 (Tex. Crim. App. 2014). In contrast, the motion for new trial in this case was presented to and denied by the trial court. In *Reyes v. State*, 82 S.W.3d 351, 353 (Tex. App.—Houston [1st Dist.] 2001, no pet.), the defendant filed a motion for new trial with an attached order to set a hearing. We held that the defendant in *Reyes* preserved the issue of whether he should have received a hearing on his

4

motion for new trial, even though the trial court never marked the proposed order to set a hearing, because the defendant presented his written motion and obtained a ruling on it. *Id.* This case presents the same situation.

Finally, the State, relying on *Oestrick v. State*, 939 S.W.2d 232, 235 (Tex. App.—Austin 1997, pet. ref'd), argues that Bermudez never obtained a ruling on the proposed order to set a hearing because the court did not mark it. In *Oestrick*, the Austin Court of Appeals held that a trial court does not rule on an unmarked proposed order to set a hearing when the related motion for new trial is overruled by operation of law. *Id.* But we have held that *Oestrick* does not apply when, as in this case, "the trial court explicitly ruled on the motion for new trial by a signed order." *Torres v. State*, 4 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see Reyes*, 82 S.W.3d at 353.

Accordingly, by signing the order denying Bermudez's motion for new trial, the trial court ruled on his attached request for a hearing. Thus we conclude that Bermudez preserved the issue of whether the trial court abused its discretion by failing to hold a hearing on his motion.

**Hearing on Motion**

A.     **Standard of review**

We review the trial court's denial of a hearing on a motion for new trial for abuse of discretion. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).

5

To establish an abuse of discretion, "a defendant need not establish a *prima facie* case for a single cognizable ground raised in his motion for new trial." *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (citing *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)). Instead, "a defendant need only assert reasonable grounds for relief which are not determinable from the record in order to be entitled to a hearing." *Id.* If a defendant meets this burden, a hearing on the motion is mandatory. *Torres*, 4 S.W.3d at 296.

To determine whether Bermudez asserted reasonable grounds for a new trial, we must consider the ultimate question before the trial court: Did Bermudez's attorney's hearing impairment cause him to render ineffective assistance of counsel? Courts evaluate claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under *Strickland*, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error there is a reasonable probability that the result of the proceedings would have been different. *Id.* at 687–94, 104 S. Ct. at 2064–68; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Ineffective assistance will be presumed if counsel is actually or constructively absent. *United States v. Cronic*, 466 U.S. 648, 658–59, 104 S. Ct. 2039, 2046–47 (1984). "*Cronic* held that a Sixth Amendment violation may be

6

found 'without inquiring into counsel's actual performance or requiring the defendant to show the effect it had on the trial.'" *Wright v. Van Patten*, 552 U.S. 120, 124, 128 S. Ct. 743, 746 (2008) (quoting *Bell v. Cone*, 535 U.S. 685, 695, 122 S. Ct. 1843, 1850 (2002)).

**B.      Reasonable grounds not determinable from the record**

To demonstrate on appeal that the trial court erred by not granting him a hearing on his ineffective assistance of counsel claim, Bermudez must show that his attorney's inability to hear is a reasonable ground—not determinable from the record—to assert a claim of ineffective assistance of counsel. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

Bermudez's motion presents one ground for a new trial: a contention that an attorney who cannot hear is analogous to a sleeping attorney. In *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001), the Fifth Circuit concluded that "[u]nconscious counsel equates to no counsel at all." Thus, unconscious counsel is constructively absent and cannot satisfy the Sixth Amendment's right to counsel. "Unconscious counsel does not analyze, object, listen or in any way exercise judgment on behalf of a client." *Id.*

Bermudez's analogy to *Burdine* is inapposite. First, it ignores the fact that Bermudez's second-chair attorney has no hearing loss. In *Ex parte McFarland*, 163 S.W.3d 743, 760 (Tex. Crim. App. 2005), the Court of Criminal Appeals held that

the rule in *Burdine* does not apply when one attorney is sleeping but another is awake. Even if hearing loss were analogous to unconsciousness, the presence of co-counsel requires the rejection of Bermudez's argument.

Second, we disagree with Bermudez's contention that an attorney who cannot hear is indistinguishable from an unconscious attorney. As the *Burdine* court noted, "An unconscious attorney does not, indeed cannot, perform at all. . . . [T]he attorney that is unconscious . . . is simply not capable of exercising judgment." 262 F.3d at 349. In contrast, an attorney with hearing loss is still capable of exercising judgment. And part of his professional judgment is to discern the appropriate method, if any, to compensate for his hearing loss—whether to seek assistance from the trial court, utilize electronic aids, lip read, rely on his co-counsel, or use any other compensation technique.

This case is similar to *Dent v. State*, No. 01-12-01043-CR, 2014 WL 346728, at *4 (Tex. App.—Houston [1st Dist.] Jan. 30, 2014, no pet.) (mem. op., not designated for publication). In *Dent*, the appellant raised a number of arguments for ineffective assistance of counsel, including "that trial counsel's hearing impairment made him unable to follow the proceedings, thereby making his representation inadequate." *Id.* This Court found no error sufficient to satisfy the first prong of *Strickland*.

> Trial counsel and the court in this case were proactive in resolving any problems arising from counsel's hearing impairment. Co-counsel

> assisted in pointing out when trial counsel was having trouble hearing, and the trial court gave co-counsel opportunities to relay the court's communications to trial counsel. Instead of holding whispered bench conferences, which trial counsel had difficulty hearing, the trial court excused the jury from the courtroom when lengthy issues arose so that discussions could take place at a normal speaking volume.

*Id.* This case presents nearly identical facts. Bermudez's lead attorney proactively sought assistance when necessary, the trial court made identical modifications to the standard bench-conference procedure, and co-counsel provided support by relaying information to the lead attorney. All of this information is discernable from the record, without the need for an evidentiary hearing.

Bermudez's motion claims that his lead attorney did not always alert the trial court that he could not hear. But even if that is true, it does not change our analysis. The record shows that the trial court was generally able to recognize when the lead attorney had trouble hearing. Regardless, we have already concluded that Bermudez's lead attorney was not constructively absent. Therefore, the issue is not the attorney's hearing, but rather the attorney's performance. In this case, the trial court saw the attorney's performance throughout the entire course of the trial. The trial court saw, and the record reflects, that the attorney proactively sought to compensate for his hearing loss just like the attorney in *Dent*. Therefore, Bermudez's motion fails to assert any reasonable grounds for relief not determinable from the record.

The trial court did not abuse its discretion by denying a hearing on the motion for new trial. Accordingly, we overrule Bermudez's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Publish. TEX. R. APP. P. 47.2(b).