STATE of Texas et al., Appellant,

v.

ASSOCIATED METALS CORPORATION, DBA Gulf Chemical and Metallurgical Company, Appellee.

No. A2408.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 19, 1980.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Douglas G. Caroom, Jim Mathews, Asst. Attys. Gen., Austin, Rick Ansel, Asst. County Atty., Galveston, for appellant.

F. Walter Conrad, Robert E. Morse, III, Baker & Botts, Houston, McLeod, Alexander, Powel & Apfel, Galveston, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

BROWN, Chief Justice.

We have before the court a motion for leave to file and for relief in the nature of a stay order or injunction to preserve the jurisdiction of this court and to prevent the right of supersedeas of the State to hold up the effectiveness of the order entered below.

The trial court, after hearing, entered its order modifying its previous permanent injunction permitting the continuation of the operation of appellee under specified conditions. Appellee claims that unless this order remains effective that it will sustain a monetary loss of some $20,000 to $30,000 per day plus requiring the lay-off of some 50 to 100 employees. The State disputes the claimed monetary loss urging that the appellee is an international company and that the tin could be smelted outside the United States without provable loss. The State makes no contention that lay-offs would not be necessary but seems to ignore this factor. The essential point urged by the State is that the Texas Clean Air Act, Tex.Rev.Civ.Stat.Ann. art. 4477–5 (Vernon 1976), mandates the following of administrative procedures which have been ignored by appellee.

This case is governed by *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.Sup.1964) in which the Supreme Court unequivocally holds that the State has a valid statutory right to supersedeas and that the perpetual decree entered by the trial court in that case was subject to such supersedeas.

The narrow question presented here arises from the language of the Supreme Court: "[w]e have been cited to no case by this Court in which the issuance of the suggested species of stay order in the teeth of the statute authorizing a supersedeas has been sustained. Whether such a writ could issue in a proper case we need not now determine." *Id.* at 484.

This court is now faced with this question. The essential distinction between *Ammex* and the case before the court is that the parties here in conjunction with an enforcement proceeding brought by the state entered into an agreed permanent injunction. Upon motion to modify this decree the trial court has now decided that its prior decree should allow the continuation of the operation within the limits established by the modified decree.

We certainly agree with the appellee that the equities favor the continuation in force of the judgment of the trial court. Otherwise our jurisdiction would be considerably impaired if not destroyed. On the other hand we appreciate the Supreme Court's strong pronouncement of the State's right to supersede such permanent injunctive decrees.

We conclude that this is a proper case in which to exercise our right to protect our jurisdiction under Article 1823, Tex.Rev. Civ.Stat.Ann. (Vernon 1964) and issue a stay or writ of injunction so as to maintain the modified decree in force. We are mindful of the sensitive and important interest of the public to maintain the sound policies that we judicially know have been followed in the past with reference to the Texas Clean Air Act. In the event that damage to the environment seems probable or even possible, we are open to request to modify or reverse our decision. As long as the only loss claimed by the State is its right to insist upon the filing of an application for permit with the Board, we are not impressed with the urgency of reaching such conclusion.

Both parties have indicated a desire to expedite this appeal and the court will favorably receive any motion to do so consistent with the preparation of the record.

Leave to file motion to stay and for injunction granted and such orders issued.

So ordered.

MILLER, Justice, dissenting.

I respectfully dissent.

Appellee has filed a motion for leave to stay or for an injunction providing relief against a supersedeas filed by the State in the modification of the trial court's prior decree. The controlling authority is *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.Sup.1964) wherein the Supreme Court in the clearest of terms announced the Texas law recognizing the right of the State to a supersedeas without filing a bond. *Ammex* also clearly provides that perpetual decrees or permanent injunctions such as we have here are subject to this right of supersedeas.

The Supreme Court recognizes our right under Article 1823 to issue writs necessary to maintain our jurisdiction and states in the opinion relative to a problem similar to the one presently before the court that "[w]hether such a writ could issue in a proper case we need not now determine." I find no significant difference between *Ammex* and the case at hand. We are given no particular guidelines by the Supreme Court as to what would constitute a "proper case." I have concluded that appellee has not brought itself within such definition. Leave to file motion for stay and for injunction should be denied.