ACCEPTED
03-15-00285-CV
5866156
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/29/2015 3:28:37 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00285-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/29/2015 3:28:37 PM
JEFFREY D. KYLE
~~Clerk~~

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

*Appellants*

v.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND
THE HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

*Appellees*

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

**APPELLANTS VOLKSWAGEN GROUP OF AMERICA, INC. AND
AUDI OF AMERICA, INC.'S REPLY IN SUPPORT OF THEIR
VERIFIED MOTION FOR TEMPORARY RELIEF TO PROTECT THE
COURT'S JURISDICTION**

Appellants Volkswagen Group of America, Inc. and Audi of

America, Inc. (collectively "Audi") file this Reply in Support of Their

Verified Motion for Temporary Relief to Protect the Court's Jurisdiction

(Audi's "Motion for Temporary Relief") and show:

DMSLIBRARY01:26052166.1

# ARGUMENT

1. In response to Audi's Motion for Temporary Relief, Appellees and Intervenors principally claim that granting Audi temporary relief is unnecessary merely because they allege Audi has an adequate remedy on appeal after a final order in the underlying Contested Case is entered.[1] As will be shown below, the judicial review contemplated by Appellees and Intervenors is illusory and inadequate. Moreover, Appellees and Intervenors do not dispute that this Court has the inherent power to issue an order to protect its jurisdiction during the pendency of this appeal and to keep this appeal from being rendered moot; instead, they quibble over rules that make this power applicable in certain situations, such as mandamus.[2] In fact,

---

[1]    The administrative Contested Case is styled Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin v. Weitz, et. al. v. Volkswagen Group of America, Inc., et. al., MVD Docket No. 13-0008-LIC, SOAH Docket No. 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.LIC, before the Texas Department of Motor Vehicles, Motor Vehicle Division (the "Contested Case").

[2]    Rule 43.6 of the Texas Rules of Appellate Procedure is not as limited as Appellees and Intervenors would have this Court believe. Nothing in the text of Rule 43.6 limits its application to only final judgments or to granting remittiturs; rather, it provides this Court with the authority to "make *any* other appropriate order that the law and the nature of the case require." TEX. R. APP. P. 43.6 (emphasis added). Indeed, Rule 43.6 has been used by Texas Courts of Appeals to justify actions outside of the context of final judgments and remittiturs, including stays and abatements: cases which Intervenors tellingly fail to reference in their Response. *E.g.*, *In re Robinson*, No. 08-01-00234-CV, 2001 WL 1137611, at *1 (Tex. App.—El Paso Sept. 27, 2001, no pet.) (granting motion for rehearing and reinstating appeal pursuant to Rule 43.6); *Bianchi v. State*, 444 S.W.3d 231, 234 (Tex. App.—Corpus Christi 2014, no pet.) (noting that court previously used Rule 43.6 to stay district court's judgment); *Reyes v. State*, 82 S.W.3d 351, 354 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (relying in part on Rule 43.6 to abate appeal

2

Appellees and Intervenors cannot dispute that this Court has the inherent power to protect its jurisdiction. *See, e.g.*, *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979) (providing that a court has inherent power "to aid in the exercise of its jurisdiction"); *Ammex Warehouse Co. v.* Archer, 381 S.W.2d 478, 482 (Tex. 1964) (citing TEX. CONST. art. V, § 6) ("After an appeal is perfected from a final appealable judgment, the Court of Civil Appeals is expressly authorized to issue writs of mandamus and all other wrist necessary to enforce its jurisdiction."); *Cleveland v. Ward*, 285 S.W. 1063, 1068 (Tex. 1926), *overruled on other grounds*, *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ("[Our] power to issue all writs necessary to enforce our jurisdiction finds its sanction in the Constitution, and exists, regardless of statutory omissions or declarations."); *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd) ("Courts of Civil Appeals and the judges thereof 'may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts.'"); *see also* ALJs' Response at pg. 3 (recognizing appellate court's inherent authority to protect its jurisdiction). Audi expressly relied on that power in its motion for temporary relief.

and remand case back to trial court to conduct hearing on appellant's motions for new trial).

3

## A. AUDI HAS NO ADEQUATE REMEDY ON APPEAL IF THIS COURT DOES NOT ACT TO PROTECT ITS JURISDICTION.

2. Unless this Court issues a temporary order in this case, Audi will be harmed by Appellees' *ultra vires* remand of the contested case, and the Court will lose jurisdiction over this dispute. Audi filed this litigation in the district court to enjoin Appellees from conducting and completing remand proceedings in an administrative Contested Case pursuant to invalid *ultra vires*[3] orders.[4] To be clear, Audi is harmed by the mere *ultra vires* Remand Order and is further harmed by the Appellees' improper activities to carry out that *ultra vires* order, which are occurring now. If this Court finds that Appellees committed *ultra vires* acts and that exhaustion of administrative remedies is not required, then the Remand Order (CR 928-29) was improper and the Contested Case record was improperly re-opened on remand. Therefore, Audi should never have had to participate in the *ultra vires* remand procedure which continues today. That harm cannot be cured by regular appeal. Instead, it must be stopped now before the remand proceeding is completed.

---

[3] A state official who acts wholly outside his or her relevant statutory authority, commits an *ultra vires* act. *E.g.*, *Texas Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (citing *Fed. Sign of Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997) (providing that an *ultra vires* claim "may be brought against a state official for non-discretionary acts unauthorized by law."); *Texas Parks and Wildlife Dept. v. Sawyer Trust*, 354 S.W.3d 384, 393 (Tex. 2011) (citing *City of El Paso v.*

4

3.      While the merits of the instant appeal are relevant to the analysis of whether these acts are *ultra vires*, and will be briefed in more detail in Audi's brief (due on July 1), this case revolves around Appellees' commission of the following *ultra vires* acts:

- Appellee John Walker III ("Chairman Walker") exceeded his authority by remanding the Contested Case to Appellees the Honorable Michal J. O'Malley and the Honorable Penny A. Wilkov, Administrative Law Judges with the State Office of Administrative Hearings ("SOAH") (the "ALJs"), in violation of Section 2001.058(e) of the Administrative Procedure Act;

- Chairman Walker exceeded his authority by requesting the ALJs to consider the April 30 Letter, which was not timely filed, in violation of Section 2301.709(a) of the Texas Occupations Code (the "Code");

- Chairman Walker exceeded his authority by issuing a Remand Order which exceeded the scope of the order approved by a majority vote of the Board, in violation of Section 2301.709(c) of the Code; and,

---

*Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009)) (providing that an *ultra vires* suit is one in which a party claims that a state official has acted "outside his authority"); *Heinrich*, 284 S.W.3d at 372 (defining an *ultra vires* act as occurring where an "officer acted without legal authority or failed to perform a purely ministerial act."); *City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 682-83, 686 (Tex. 1983) (enjoining Texas Public Utilities Commission ["PUC"] from remanding case back to hearing examiner where PUC did not have subject-matter jurisdiction over case and, thus, exceeded its statutory authority).

4      Audi filed the underlying action in the Travis County District Court (Cause No. D-1-GN-15-0001186), requesting injunctive relief to prevent Appellees from conducting the *ultra vires*: 1) remand of the Contested Case; 2) reopening of evidence after issuance of the PFD; 3) issuance of a new PFD by the ALJs; and, 4) issuance of a new final decision. The Supreme Court has specifically approved of the use of a declaratory judgment action/request for prospective injunctive relief as the proper process for assessing whether individual state actors, like Appellees, have exceeded their statutorily authorized powers in an underlying administrative proceeding, like the Contested Case. *Heinrich*, 284 S.W.3d at 369.

5

- The ALJs exceeded their authority in violation of SOAH Rule 155.153 by issuing an Order on March 3, 2015 reopening the record in the Contested Case after the ALJs had already issued a proposal for decision ("PFD").[5]

4. Audi is, and has been, entitled to enjoin these *ultra vires* remand proceedings in the Contested Case without waiting for the issuance of a

---

[5] The fact that the ALJs have already reopened the record does not yet moot the underlying relief Audi requested from the trial court. Audi is entitled to an injunction barring any *further* proceedings on remand in the Contested Case pursuant to the ALJs' order reopening the record. *Heinrich*, 284 S.W.3d at 369 ("[A] claimant who successfully proves an *ultra vires* claim is entitled to prospective injunctive relief . . . ."); (cf. ALJs' Response at pp. 4-5). If the ALJs were correct that once an *ultra vires* act is committed it can never be enjoined, no *ultra vires* lawsuit could ever be filed, as it would always be not ripe, because the *ultra vires* act has not been committed, or moot, because it has. Such is not the law.

Further, as Audi has pointed out in its briefing to the trial court, and will brief in full for this Court, the ALJs' claim that their interpretation of Rule 155.153—that it allows ALJs to reopen the record after issuance of a PFD—is entitled to total deference is incorrect. (cf. *Id.*at pg. 7). First, SOAH Rule 155.153 on its face does not grant the ALJs any discretion to reopen the record after the issuance of a PFD. Second, several administrative law judges have interpreted this provision literally. *E.g., Texas Department of Insurance v. Maria D. Mondragon*, SOAH Docket No. 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.C, ALJ's Response to Exceptions at 2, Oct. 23, 2014 ("Because I have issued the PFD, I no longer have the authority to issue an order re-opening the record); *Petitioner v. Tax Division, Texas Comptroller of Public Accounts*, 2014 WL 4694594, SOAH Docket No. 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.26, Comptroller's Decision at *1, June 16, 2014 ("[T]he ALJ is precluded from reopening the record once a PFD has been issued."); *Petitioner v. Tax Division, Texas Comptroller of Public Accounts*, 2014 WL 4694592, SOAH Docket No. 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.26, Comptroller's Decision at *6, June 9, 2014 ("[O]nce the ALJ issues the PFD, he is not authorized to reopen the record to admit additional evidence . . . .").

SOAH Rule 155.3(a) also provides that the ALJs have power to "modify and supplement the requirements of this chapter" *only* if doing so will not "unduly prejudice" a party or "contravene applicable statutes." The only way the ALJs could justify their re-opening of the record after the issuance of a PFD is if they directly "contravene" SOAH Rule 155.153. No reasonable person could construe a wholesale waiver of Rule 155.153 as merely "modifying" or "supplementing" it.

Finally, administrative rules have the same legal force as statutes, and are interpreted in the same manner as statutes. *E.g., Ellis v. Reliant Energy Retail Servs., L.L.C.*, 418 S.W.3d 235, 248 (Tex. App.—Houston [14th Dist.] 2013). While Texas courts defer to agency interpretations of their own rules, the interpretation cannot be "inconsistent with the plain language of the statute or plainly erroneous." *E.g. Southwest Royalties, Inc. v. Combs*, No. 03-12-00511-CV, 2014 WL 4058950, at *3 (Tex. App.—Austin Aug. 13, 2014) (citing *Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013)). The ALJs' interpretation of Rule 155.153 is clearly erroneous and contrary to its plain language.

DMSLIBRARY01:26052166.1

final order after remand in the Contested Case. Audi need not exhaust its administrative remedies before seeking judicial intervention to enjoin Appellees' *ultra vires* acts; rather, the rule in Texas is that Audi may enjoin Appellees' *ultra vires* acts as soon as they occur. *Sherman*, 643 S.W.2d at 683, 685; *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978); *Yamaha Motor Corp. v. Motor Vehicle Division*, 860 S.W.2d 223, 229 (Tex. App.—Austin 1993, writ denied); *Appraisal Review Board of Harris County Appraisal District v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing cases).[6] Audi sought that relief from the district court in this case, but the district court dismissed this case without reviewing the merits—omitting a necessary step in the evaluation of its jurisdiction in a case like this. *See, e.g., Southwestern Bell Tel. L.P. v. Emmett*, _ S.W.3d _, 2015 WL 1285326 at *3 (Tex.). Audi is entitled to prospective relief by way of this lawsuit. *Heinrich*, 284 S.W.3d at 369, 378. Therefore, unless this Court stays the Appellees' actions on remand during the pendency of this appeal, Audi's available relief (halting the remand) will be rendered unavailable because the remand will be completed before

---

[6]     Intervenors fret that the granting of this Motion will "flood" the courts with *ultra vires* lawsuits and applications for injunctions. (Intervenors' Response at pg. 24). Yet, the *ultra vires* rule has been an exception to the exhaustion of remedies doctrine for decades without such a "flood."

7

DMSLIBRARY01:26052166.1

this Court can consider the merits of the case.

5.	This Court will not be in a position to rule on the merits of this appeal until *after* remand proceedings in the Contested Case are completed in August or September 2015. This is not speculative. It is highly probable, given that Intervenors have specifically requested—*after* Audi filed the instant Motion—that the already expedited remand proceedings be placed on the Texas Motor Vehicle Board's agenda for August 2015, well before this Court will resume its oral argument docket in September. (*See* Audi's previously filed Supplement to its Motion for Temporary Relief, Affidavit of Billy M. Donley at ¶ 3 (noting that Intervenors submitted a letter to the ALJs on June 15, 2015 stating that they had submitted their final reply to Audi's briefing early and wanted the record closed that day "[i]n the interest of expediting this matter and in hopes of getting this case placed on the Board's agenda for its August meeting . . . .").)

6.	Once the remand proceedings in the Contested Case are completed, there will be nothing left for the trial court to enjoin. Thus, Audi will be left with no adequate remedy in this appeal because *none* of the prospective and immediate injunctive relief to which Audi is entitled will be possible. *Heinrich*, 284 S.W.3d at 369; *City of Sherman*, 643 S.W.2d at 683,

DMSLIBRARY01:26052166.1

685 (providing that immediate intervention into administrative proceedings is permissible to challenge *ultra vires* acts without waiting to exhaust administrative remedies). Indeed, to force Audi to delay remedying Appellees' *ultra vires* act until an appeal from a final order in the Contested Case would render the *ultra vires* exception to the exhaustion of remedies doctrine espoused in *City of Sherman* meaningless.

**B.** **RULE 52 OF THE TEXAS RULES OF APPELLATE PROCEDURE DOES NOT EXPLICITLY APPLY TO AUDI'S INSTANT MOTION.**

7.      Tellingly, Intervenors (the prospective transferees of the dealership) ***not the actual parties****, Appellees (the Board Chair and the ALJs)*, claim that Audi's Motion for Temporary Relief is improper, arguing that Audi is only entitled to temprorary relief if it filed an original petition in this Court.[7]

8.      But Intervenors have not cited this Court to any authority holding that Audi *is required* to file an original petition in order to be entitled to temporary relief, nor do they cite the Court to any authority stating that this Court cannot protect its own jurisdiction via temporary

---

[7]      Rule 52 of the Texas Rules of Appellate Procedure provides that:

An original appellate proceeding seeking extraordinary relief—such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto—is commenced by filing a petition with the clerk of the appropriate appellate court . . . .

DMSLIBRARY01:26052166.1

relief once it acquired jurisdiction over this case via Audi's filing of a regular appeal.[8]

9. As this Court must remember, Audi brought this case in the district court pursuant to the procedure specifically outlined in the Texas Supreme Court's *Heinrich* decision. This appeal is the result of a final dismissal of that action. Thus, the typical posture, mandamus, underlying most requests for temporary relief is not present here. But a mandamus proceeding should not be a necessary prerequisite to obtaining temporary relief to protect the Court's jurisdiction. Instead, as discussed above, this Court has the inherent power to protect its jurisdiction which Audi

---

[8] All of the cases referenced by Intervenors regarding compliance with Rule 52 were cases in which the appellant filed an original petition with the Court of Appeals. *E.g.*, *In re Brown*, No. 08-03-00092-CV, 2003 WL 1563987, at *1 (Tex. App.—El Paso Mar. 27, 2003) (referencing TEX. R. APP. P. 52.3) (denying original petition for writ of injunction because not necessary to protect jurisdiction and stating in dicta that petition was insufficient because unverified with no record to support the claim of damage); *In re Dyer*, No. 14-10-00923-CR, 2010 WL 3795893, at *1 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010) (referencing TEX. R. APP. P. 52.3(k)) (denying original petition for writ of prohibition because no pending appeal on file and stating in dicta that relator failed to include copies of orders complained of); *In re Ince*, No. 07-11-00445-CV, 2011 WL 6032718, at *1 (Tex. App.—Amarillo Dec. 5, 2011) (dismissing original petition for writ of mandamus against district clerk because failed to include: name of all parties and counsel, table of contents, index of authorities, statement of the case, basis of Court's jurisdiction, concise statement of issues, statement of facts, concise arguments, short conclusion, verified, copy of order in appendix, or certificate of service); *In re Johnson*, No. 07-12-00406-CV, 2012 WL 5059838, at *1 (Tex. App.—Amarillo Oct. 17, 2012) (citing TEX. R. APP. P. 52.3) (dismissing original petition for writ of mandamus because it "wholly fails to comply with the requirements of appellate rule 52.3" and because "it does not demonstrate a clear abuse of discretion by Judge Green."); *In re Palmore*, No. 07-05-0269-CV, 2005 WL 1979076, at *1 (Tex. App.—Amarillo Aug. 17, 2005) (dismissing original petition for writ of mandamus because relator failed to pay filing fee, to name respondent in petition, identify parties and counsel, include table of contents, statement of the case, and certificate of service).

10

invoked by way of its motion.

10.     Even though Texas cases have considered original petitions for extraordinary relief to protect the appellate court's jurisdiction while an appeal is pending, none of these cases held that such a petition is the *only* way an appellant, like Audi, can request the Court of Appeals to enter an order to protect its jurisdiction. *E.g.*, *Duncan v. Dripping Springs Indep. School Dist.*, 612 S.W.2d 644, 645-46 (Tex. App.—Austin 1981, no writ) (discussing *Nelson v. Blanco Indep. School Dist.*, 386 S.W.2d 636 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.)) (considering original petition for writ of injunction to protect appellate court's jurisdiction while other appeal pending, but making no mention of whether such an original petition is *required* under any rule of appellate procedure); *In re Gruebel*, 153 S.W.3d 686, 688 (Tex. App.—Tyler 2005) (same); *EMW Mfg Co. v. Lemons*, 724 S.W.2d 425, 425-26 (Tex. App.—Fort Worth 1987) (same); *see also In re Dyer*, No. 14-10-00923-CR, 2010 WL 3795893, at *1 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010) (denying petition for writ of prohibition because no pending appeal on file); *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008) (denying petition for writ of injunction because relator had not filed an appeal that would give appellate court any

11

jurisdiction to consider original petition).

11.     Indeed, nothing in the text of Rule 52 provides that this Court can *only* enter an order to protect its jurisdiction upon receiving an original petition seeking extraordinary relief. Audi has yet to find any controlling authority on point— although Audi has found cases where courts have considered, and even granted, *motions* for injunctions in pending appeals outside of original petitions for extraordinary relief.  *See, e.g., State v. Assoc. Metals Corp.*, 595 S.W.2d 924, 925 (Tex. App.—Houston [14th Dist.] 1980, no writ) (granting *motion* to stay/for injunction to preserve appellate court jurisdiction in pending appeal).

12.     Thus, Audi's Motion for Temporary Relief should not be denied because this case was filed pursuant to the dictates of the Supreme Court's *Hienrich* decision, not as an original proceeding.

13.     Alternatively, to the extent this Court finds that Rule 52 is the exclusive means by which Audi may seek an injunction from this Court to protect its jurisdiction, Audi asks that the Court stay its ruling on Audi's Motion for Temporary Relief and grant Audi leave to file an original proceeding under Rule 52.

DMSLIBRARY01:26052166.1

## C. AUDI HAS ACTED DILIGENTLY AND IN GOOD FAITH AT ALL TIMES.

14. Finally, Intervenors, *not Appellees*, attempt to distract this Court from the merits of Audi's Motion for Temporary Relief by claiming that Audi has not been diligent in seeking judicial relief and that Audi has not acted in good faith. (Intervenors' Response at pp. 27-30). Intervenors' arguments are meritless.

15. Audi has diligently prosecuted the underlying contested case, district court case and this appeal. At the February 13, 2015 Board meeting, and even prior thereto, Audi argued that the Board was not authorized to remand the case to SOAH for further proceedings. After the Board's February 13, 2015 remand vote, Audi worked tirelessly to both: (1) convince the Board and the ALJs to refrain from conducting unlawful remand proceedings and (2) to perform a thorough research of Texas case law on the scope and applicability of the *ultra vires* doctrines to the actions taken by Chairman Walker and, subsequently on March 3, 2015, the ALJs. These efforts included Audi's Emergency Motion to Vacate or Modify Statutory Stay and to Stay Further Proceedings, which was denied by the ALJs.[9] After filing the underlying district court case, Audi attempted to

---

[9] The ALJs denied Audi's request to stay the proceedings, but stated that relief from the

secure a hearing on its TRO and its Motion for Temporary Injunction on earlier dates than they were ultimately heard, but was prevented by Travis County's local rules and docketing procedures. Smith Affidavit at ¶ 3.

16. Audi filed the instant appeal days after the trial court granted Appellees' Pleas to the Jurisdiction over Audi's objections. Audi waited to file the instant Motion to ensure it had a clear understanding of when the ALJs would likely close the record and have the underlying Contested Case forwarded along to the Board for a final decision. *Id.* at ¶ 4. While Audi requested an extension to file its brief on appeal, such an extension is irrelevant to this Motion because it has no bearing on when the Court will meet for its oral arguments in the Fall.

17. Intervenors make much of the "massive amount of time and resources" spent by the parties in challenging the remand proceedings, yet fail to acknowledge that the remand is an *ultra vires* act which the Texas Supreme Court has said may be challenged by the type of lawsuit brought by Audi. *Heinrich*, 284 S.W.3d at 370-371. As such, Audi is not responsible for the expenses incurred by the parties in the *ultra vires* remand proceedings; rather, the Appellees, whose actions exceed their authority

---

statutory stay was not necessary for Audi to seek relief in the Travis County district court.

14

and necessitated the lawsuit, are.

18.     Finally, Intervenors' request for sanctions is without merit and should be denied. Audi has acted in good faith at all times and has not "grossly misstat[ed] or omitt[ed] an obviously important and material fact" or filed a "clearly groundless" motion with this Court. (*Cf.* Intervenors' Response at pg. 30). As described above, Audi has a good faith basis for believing that this Court can grant Audi's Motion based on the Court's inherent power to protect its jurisdiction. Therefore, Intervenors' request for sanctions under Rule 52.11 of the Texas Rules of Appellate Procedure should be denied.

19.     As such, this Court should enter a temporary order barring Appellees from conducting further remand proceedings in the Contested Case and from completing the remand process during the pendency of this appeal to protect this Court's jurisdiction and to prevent this appeal from being rendered moot.

WHEREFORE, PREMISES CONSIDERED, Appellants Volkswagen Group of America, Inc. and Audi of America, Inc. respectfully request that this Court grant temporary relief preventing Appellees from conducting further remand proceedings in the Contested Case, from issuing a PFD

15

based on the remand, and from entertaining, issuing, signing or entering a Final Decision based on the remand until this Court rules on the merits of Audi's appeal. Audi also requests such other and further relief, both general and specific, at law and in equity, to which it may be entitled.

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ S. Shawn Stephens
S. Shawn Stephens
Texas Bar No. 19160060
sstephens@kslaw.com
James P. Sullivan
Texas Bar No. 24070702
jsullivan@kslaw.com
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Billy M. Donley
Texas Bar No. 05977085
Mark E. Smith
Texas Bar No. 24070639
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717

*Attorneys for Appellants*
*Volkswagen Group of America,*
*Inc. and Audi of America, Inc.*

16

## CERTIFICATE OF CONFERENCE

As required by TEX. R. APP. P. 10.1, I conferred counsel for Appellees on the merits of Their Verified Motion for Temporary Relief to Protect the Court's Jurisdiction. Dennis McKinney, counsel for Appellee John Walker III, is now opposed. Kimberly Fuchs, Counsel for Appellees Michael J. O'Malley and Penn A. Wilkov, is opposed. Dent M. Morton, counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC, is opposed. Therefore, I assume that they are all opposed to this reply to their response to the motion.

/s/ S. Shawn Stephens
S. Shawn Stephens


## CERTIFICATE OF COMPLIANCE

I certify that on June 29, 2015, that this Appellants' Reply in Support of their Motion for Temporary Relief was produced in Microsoft Word, which indicates that it contains 4,059 words, excluding the exempted portions of Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, and thus does not exceed the 15,000 word limit provided for by Rule 9.4(i).

/s/ S. Shawn Stephens
S. Shawn Stephens

17

DMSLIBRARY01:26052166.1

## CERTIFICATE OF SERVICE

I certify that on June 29, 2015, I used the Court's electronic case filing system to file this Motion for Temporary Order to Protect the Court's Jurisdiction and to serve this document on counsel for appellees as follows:

William R. Crocker
crockerlaw@earthlink.net
807 Brazos, Ste. 1014
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Kimberly Fuchs
kimberly.fuchs@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellees Michael J. O'Malley and Penny A. Wilkov*

J. Bruce Bennett
jbb.chblaw@sbcglobal.net
Cardwell, Hart & Bennett, LLP
807 Brazos, Suite 1001
Austin, Texas 78701

*Counsel for Appellees Ricardo M. Weitz; Hi Tech Imports North, LLC; Hi Tech Imports, South, LLC; and Hi Tech Imports, LLC*

Dennis McKinney
dennis.mckinney@texasattorneygeneral.gov
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel for Appellee John Walker III*

18

DMSLIBRARY01:26052166.1

Joseph W. Letzer
jletzer@burr.com
Dent M. Morton
dmorton@burr.com
Burr & Forman, LLP
420 20th Street N., Suite 3400
Birmingham, AL 35203

*Counsel for Appellees Ricardo
M. Weitz; Hi Tech Imports
North, LLC; Hi Tech Imports,
South, LLC; and Hi Tech
Imports, LLC*

/s/ S. Shawn Stephens
S. Shawn Stephens

DMSLIBRARY01:26052166.1

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.**

Appellants

vs.

**JOHN WALKER III, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF
THE TEXAS DEPARTMENT OF MOTOR VEHICLES BOARD, AND THE
HONORABLE MICHAEL J. O'MALLEY AND THE HONORABLE
PENNY A. WILKOV, IN THEIR OFFICIAL CAPACITIES AS
ADMINISTRATIVE LAW JUDGES FOR THE STATE OFFICE OF
ADMINISTRATIVE HEARINGS**

Appellees

On Appeal from the 201st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-15-001186
Honorable Amy Clark Meachum, Presiding Judge

## <u>AFFIDAVIT OF MARK E. SMITH</u>

STATE OF TEXAS      §
                                 §
COUNTY OF HARRIS    §

1. On this date, Mark E. Smith personally appeared before me, the undersigned Notary Public, and after being duly sworn stated the following under oath:

2. My name is Mark E. Smith. I am currently over the age of twenty-one (21). I have never been convicted of a felony or a crime of moral turpitude. I am

under no legal disability and I am fully competent to make this Affidavit. I am one of Appellants Volkswagen Group of America, Inc. and Audi of America, Inc.'s (collectively "Audi") counsel. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

3. Audi has diligently prosecuted the underlying contested case, district court case and this appeal. At the February 13, 2015 Board meeting, and even prior thereto, Audi argued that the Board was not authorized to remand the case to SOAH for further proceedings. After the Board's February 13, 2015 remand vote, Audi worked tirelessly to both: (1) convince the Board and the ALJs to refrain from conducting unlawful remand proceedings and (2) to perform a thorough research of Texas case law on the scope and applicability of the *ultra vires* doctrines to the actions taken by Chairman Walker and, subsequently on March 3, 2015, the ALJs. These efforts included Audi's Emergency Motion to Vacate or Modify Statutory Stay and to Stay Further Proceedings, which was denied by the ALJs—the ALJs denied Audi's request to stay the proceedings, but stated that relief from the statutory stay was not necessary for Audi to seek relief in the Travis County district court. After filing the underlying district court case, Audi attempted to secure a hearing on its TRO and its Motion for Temporary Injunction on earlier dates than they were ultimately heard, but was prevented by Travis County's local rules and docketing procedures.

4. Audi filed the instant appeal days after the trial court granted Appellees' Pleas to the Jurisdiction over Audi's objections. Audi waited to file the instant Motion to ensure it had a clear understanding of when the ALJs would likely close the record and have the underlying Contested Case forwarded along to the Board for a final decision.

Signed this 29th day of June, 2015.



Mark E. Smith

SUBSCRIBED and SWORN to before me on this 29th day of June, 2015, to certify which witness my hand and official seal.

Notary Public in and for the
State of Texas

CRISELDA V STEVENS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 23, 2017