1074-15

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

NO._____

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 19 2015

Abel Acosta, Clerk

ANTONIO BERMUDEZ, Petitioner

VS.

THE STATE OF TEXAS, Respondent.

PETITION FOR DISCRETIONARY REVIEW

---

ON PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST DISTRICT
COURT OF APPEALS, NO. 01-14-00160, TRIAL COURT CASE NO. 1370940,
184TH DISTRICT COURT, HARRIS COUNTY, TEXAS.

---

FILED IN
COURT OF CRIMINAL APPEALS

OCT 20 2015

Abel Acosta, Clerk

ANTONIO BERMUDEZ
2665 PRISON RD. 1
EASTHAM UNIT
LOVELADY, TEXAS 75851

(PRO SE)

i

# TABLE OF CONTENTS

PAGE

COVER PAGE.................................................... i

INDEX OF AUTHORITIES.........................................iii

STATEMENT REGARDING ORAL ARGUMENTS...........................1

STATEMENT OF CASE............................................1

STATEMENT OF PROCEDURAL HISTORY..............................1


QUESTIONS PRESENTED:


I. DID THE COURT OF APPEALS ERR IN FINDING THAT THE TRIAL COURT
   DID NOT ABUSE ITS DISCRETION WHEN IT DENIED PETITIONER A
   HEARING IN SUPPORT OF HIS MOTION FOR A NEW TRIAL?...1,2

II. DID TRIAL COUNSEL'S PERSISTENT AND CHRONIC HEARING IMPEDIMENT
    DENY PETITIONER HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
    UNDER CRONIC?.........................................2,5

III DID TRIAL COUNSEL'S PERSISTENT AND CHRONIC HEARING IMPEDIMENT
    DENY PETITIONER HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
    UNDER STRICKLAND?....................................2,10


REASONS FOR GRANTING REVIEW:


GROUND ONE...................................................2

GROUND TWO...................................................5

GROUND THREE................................................10


PRAYER......................................................10


APPENDIX:

Opinion of the First District Court of Appeals........App.

## INDEX OF AUTHORITIES

<u>U.S. SUPREME COURT CASES:</u>

PAGE

1. Bell v. Cone, 535 U.S. 685 (2002).........................7,8
2. Cronic v. United States, 466 U.S. 2039 (1984).............2,5,8,9,10
3. Morgan v. Illinois, 504 U.S. 719 (1992)...................7
4. Strickland v. Washington, 466 U.S. 668 (1984).............2,11,12


<u>U.S. COURTS OF APPEALS CASES</u>

1. Burdine v. Johnson, 262 F. 3d 336 (5th Cir. 2001)........5,9,10
2. Tippins v. Walker, 77 F. 3d 683 (2nd Cir. 1998)..........9,11


<u>TEXAS COURT OF CRIMINAL APPEALS CASES:</u>

1. Ex Parte McFarland, 163 S.W. 3d 743 (Tex.Crim.App.2005)......5
2. Gonzalez v. State, 304 S.W. 3d 883 (Tex.Crim.App. 2010)......2,3
3. Hobbs v. State, 298 S.W. 3d 193 (Tex.Crim.App. 2009)..........2,3
4. Martinez v. State, 74 S.W. 3d 19 (Tex.Crim.App. 2002)........3
5. Raby v. State, 970 S.W. 2d 1 (Tex.Crim.App. 1990).............7
6. Smith v. State, 286 S.W. 3d 333 (Tex.Crim.App. 2009)..........3
7. State v. Herndon, 215 S.W. 3d 901 (Tex.Crim.App. 2007).......3
8. Wallace v. State, 106 S.W. 3d 103 (Tex.Crim.App. 2003).......3


<u>TEXAS COURTS OF APPEALS CASES:</u>

Bermudez v State, No. 01-14-00160-CR, (Houston [1st Dist.] 2015)..1
Dent v. State, No. 01-12-01043-CR (Tex.App.-Houston [1st Dist.],
January 30, 2014,no pet.)........................................8,11


<u>U.S. CONSTITUTION</u>

VI. amend........................................................7


<u>OTHER</u>

Black's Law Dictionary, 9th Ed.,.................................6

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested, as the questions presented are of a nature that oral arguments would help fully develop the issues involved and greatly assist the Court in deciding the questions.

## STATEMENT OF CASE

On February 6, 2014, a jury found Petitioner guilty of aggravated assault of a family member with a knife. Petitioner waived punishment by jury. The trial judge assessed punishment at 60 years in the Texas Department of Criminal Justice. Trial Counsel filed a notice of appeal the same day. (C.R. at 225). Appellate counsel filed a verified motion for new trial, with supporting affidavit, on March 7, 2014 (C.R. at 234). It was presented to the trial judge and denied without a hearing on March 17, 2014 (C.R. at 250). Appeal was then filed with the Court of Appeals for the First District of Texas. (COA# 01-14-00160-CR). The Court of Appeals issued an Opinion on July 28, 2015, affirming the trial court's judgment of conviction. (Id.). This Petition for Discretionary Review is timely filed.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals for the First District of Texas affirmed the trial court's judgment of conviction on July 28, 2015. No petition for rehearing was filed in the case.

## QUESTIONS PRESENTED

I. DID THE COURT OF APPEALS ERR IN FINDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED PETITIONER A HEARING IN SUPPORT OF HIS MOTION FOR A NEW TRIAL?

1

II.     DID TRIAL COUNSEL'S PERSISTENT AND CHRONIC HEARING
        IMPEDIMENT DENY PETITIONER HIS RIGHT TO EFFECTIVE
        ASSISTANCE OF COUNSEL UNDER CRONIC?

III.    DID TRIAL COUNSEL'S PERSISTENT AND CHRONIC HEARING
        IMPEDIMENT DENY PETITIONER HIS RIGHT TO EFFECTIVE
        ASSISTANCE OF COUNSEL UNDER STRICKLAND?

## ARGUMENTS AND AUTHORITIES

### GROUND ONE
DID THE COURT OF APPEALS ERR IN FINDING THAT THE TRIAL
COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED PE-
TITIONER A HEARING IN SUPPORT OF HIS MOTION FOR A NEW
TRIAL?

## REASONS FOR GRANTING REVIEW

The Court of Appeals decision is contrary to this Court's decisions in <u>Gonzales v. State</u>, 304 S.W. 3d. 838,842 (Tex.Crim.App. 2010) and <u>Hobbs v. State</u>, 298 S.W. 3d 193 (Tex. Crim. App. 2009).

Petitioner's Appellate counsel properly filed and presented a verified motion for new trial with an additional affidavit stating facts in support. The motion and the affidavit raised matters that were not determinable from the record and that could provide Petitioner with relief.

In deciding the issue of whether or not Petitioner's motion for new trial asserted reasonable grounds for a new trial, the Court of Appeals employed a standard of review never countenanced by this, or any other, court:

"To determine whether Bermudez asserted reasonable grounds for a new trial, we must consider the ultimate question before the trial court: Did Bermudez's attoney's hearing impairment cause him to render ineffective assistance of counsel? (Memo.Op., at 6)

2

This "ultimate question" resolution standard is not the standard set by this Court in order to obtain a hearing on a motion for a new trial.

In Hobbs v. State, this Court ruled that a trial judge abuses her discretion if the motion and accompanying affidavits raise matters which 1)are not determinable from the record, or 2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. Id., at 298 S.W. 3d 193,199 (Tex.Crim.App. 2009). "...[A] trial judge's discretion extends only to deciding whether these two requirements are satisfied. If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. In fact. under such circumstances the trial judge abuses his discretion in failing to hold a hearing." Gonzales v. State, 304 S.W. 3d 838,842 (Tex. Crim.App. 2010) (emphasis added); citing Smith v. State, 286 S.W. 3d 333,339-40 (Tex.Crim.App. 2009). This Court has said that, in order to be entitled to a hearing, the defendant need not establish a prima facie case. Wallace v. State, 106 S.W. 3d 103,108 (Tex. Crim.App. 2003). The motions and affidavits "must merely reflect that reasonable grounds for holding that such relief "could" be granted." Id. (citations omitted)(internal quotations added). This is because "the purpose of the hearing is for a defendant to develop the issues raised in the motion for new trial." Martinez v. State, 74 S.W. 3d 19,21 (Tex.Crim.App. 2002). A defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for a new trial. See State v. Herndon, 215 S.W. 3d 901,909 (Tex.Crim. App. 2007).

In his motion for new trial, Petitioner alleged that there were times during Petitioner's trial when trial counsel could not hear "multiple portions of the trial on the merits." (Id., at P.4). Petitioner stated that those particular portions of trial were not determinable from the record and that, in order to identify which portions those were, trial counsel needed to be subpoenaed at a hearing on the motion. (Id.). Moreover, Petitioner filed an affidavit which stated that trial counsel had promised to provide

3

an affidavit in support of Petitioner's claim that trial counsel had not been able to hear witness testimonies during portions of the trial. (Id.). This raised sufficient grounds to grant a hearing, since trial counsel had not provided the promised affidavit, to determine by questioning trial counsel the effect his hearing impairment had on his ability to render effective assistance of counsel.

An even more compelling example of evidence not determinable from the record comes from the trial judge herself. What the record of trial reflects is that there were apparently nonverbal cues which the trial court became aware of and which caused her to question trial counsel concerning his hearing impairment. (See 3 RR 136-137). While its determinable from the record that the trial judge suddenly recognized that trial counsel had a hearing impediment,(which led to her admonishing counsel), it is not determinable how the impediment had affected the proceedings prior to her recognition that there was a problem. At that point the state had questioned numerous witnesses.What came to light was that, not only did trial counsel have a problem hearing, he was in fact sort of "freestyling" and assuming answers to compensate for his inability to hear the answer. Some of the assumptions were actually diametrically opposite of what had been actually said. (See 2 RR 140, lns. 12-21); (4 RR 69); (4 RR 73). These particular defects in counsel's hearing only became apparent because they occurred during counsel's dialogue with witnesses. However, it cannot be determined from the record how many hearing miscues and flat out errors in counsel's hearing occurred while he was listening to the State examine the witnesses. These were issues that could have only been developed through cross-examination of trial counsel at a hearing for new trial. Clearly Trial Counsel's inability to hear testimony during critical stages of the trial constituted reasnable grounds--not determinable from the record--to assert a valid claim of ineffective assistance of counsel under both Cronic and Strickland.
The Court of Appeals erred in finding that the trial court did not abuse its discretion when it denied Petitioner a hearing on his motion for new trial. Because the Court of Appeals is contrary to the decisions of this Court on the same issue, this Court should grant a petition for discretionary review.

4

## GROUND TWO

### DID TRIAL COUNSEL'S PERSISTENT AND CHRONIC HEARING IMPEDIMENT DENY PETITIONER HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER CRONIC?

### REASONS FOR GRANTING REVIEW

Review should be granted because the Court of Appeals opinion is in conflict with the decision of the United States supreme Court in Cronic v. United States, 466 U.S. 2039 (1984).

In referencing Petitioner's motion for new trial, Appellate counsel raised the fact that Petitioner was relying on the decision in Burdine v. Johnson, 262 F. 3d 336 (5th Cir. 2001)(en banc). Appellate counsel asserted that Trial Counsel's hearing impairment in Petitioner's case was analogous to the sleeping attorney in Burdine. (Appellant's Brief, at P. 4-7). Appellate counsel asserted that an attorney who is entirely incapable of hearing critical portions of the trial proceedings is "unconscious" to the same degree as an attorney who fades in and out of sleep as the attorney in Burdine.(Id.). Appellate counsel asserted that during the portions of the trial when trial counsel was unable to hear witnesses' testimonies he was "constructively absent" for all intents and purposes.

The Court of Appeals, however, decided that:

"Bermudez's analogy to Burdine is inapposite. First, it ignores the fact that Bermudez's second-chair attorney has no hearing loss. "( Memo. Op., at P. 7).

The Court of Appeals also stated that this Court held in Ex Parte McFarland, 163 S.W. 3d 743 (Tex.Crim.App. 2005) that the rule in Burdine does not apply when one attorney is sleeping but another is awake. (Id.). "Even if hearing loss were analogous to unconsciousness, the presence of co-counsel requires the rejection of Bermudez's argument." (Id.).

5

However, the Court of Appeals reasoning is based on assumptions which are not supported by the record of trial and evinces exactly why a hearing was needed.

Firstly, even assuming that Petitioner had hired a second-chair, which there is absolutely no information contained in the record to establish that he had, there is no information to support the Court of Appeals assumption that the co-counsel even knew Trial Counsel was experiencing the hearing deficiencies to the degree that became apparent late in the trial process.

Secondly, the record demonstrate's that co-counsel played no role in assisting with the cross-examination of any of the witnesses or in making any objections during the trial process.

Most importantly, the record demonstrates that co-counsel was not even positioned to assist Trial Counsel during the questioning of any of the State's witnesses by either the State or Trial Counsel himself until the Court suggested near the very end of trial that co-counsel sit next to Trial Counsel to assist him with his hearing impairment. (See 4 RR 76-77)(trial judge repositioning co-counsel to sit next to trial counsel). Perhaps the most poignant example of the severity of trial counsel's inability to hear occured during this exchange between the Court, Trial Counsel, and the State:

THE COURT: "You may not have any problems with the last witness, if she is the last witness. It's just the child was unusually soft. But I want to make sure you hear every-thing. If you don't, stop and let me know, and I will assist you with that."

COURT COORDINATOR: "I don't think he hears you right now judge." (4 RR 77).

In other words, when the trial court was offering Trial Counsel assistance with his hearing impairment, Trial Counsel couldn't even hear that.

In Black's Law Dictionary, the word "unconsciousness" is defined as "unawareness." (Id., 9th Ed.). Nothing can be more clearer than the fact that trial counsel experienced areas within the trial when he was entirely unaware of what was being said: Even to the degree of not hearing the judge speaking to him directly.

-6-

In _Bell v. Cone_, 535 U.S. 685 (2002), the Supreme Court identified three situations implicating the right to counsel that involved circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." Id., at 695. One of those situations, which is the one that applies most to Petitioner's case, is where counsel is called upon to render assistance under circumstances where competent counsel very likely could not. Id., at 659-662. The Court said that under such circumstances a defendant need not show that the proceedings were affected. (Id.).

Another vivid example of the danger Trial Counsel's hearing impairment posed to Petitioner's constitutional right to fundamental fairness and effective assistance of counsel occurred during the jury selection process.

The Sixth Amendment guarantees the "Assistance of Counsel" and a trial before "an impartial jury." U.S. Const.amend. VI. Part of this constitutional guarantee is an adequate voir dire to identify unqualified jurors. _Morgan v. Illinois_, 504 U.S. 719 (1992); _Raby v. State_, 970 S.W. 2d 1,10 (Tex.Crim.App.1998). During voir dire, the following colloquy between Trial Counsel and members of the venire panel took place:

> "[W]e get the presumption of innocence, right? Here in America, when you're charged, that means if you had to take a vote right now on whether or not Mr. Bermudez was guilty or not before you hear any evidence, what would your vote be?"

VENIREPERSONS: Innocent
VENIREPERSONS: Guilty
VENIREPERSONS: Guilty
VENIREPERSONS: Not guilty.

TRIAL COUNSEL: Excellent. Very well. (2 RR 140, Lns. 12-23).

Apparently Trial Counsel did not hear the two jurors who said they would vote Petitioner guilty despite having heard no evidence presented. Most troubling is the fact that it cannot be determined from the record whether either of the two who gave the answer ended up on the petit jury,since neither had been identified by their numbers when they gave the answer. The possibility exists that those two jurors, who were clearly unqualified absent evidence of rehabilitation, ended up on the petit jury.

7

Hence, while Trial Counsel may not have been incompetent per se, this was clearly the situation spoken of in Cronic "where counsel [was] called upon to render assistance under circumstances where competent counsel very likely could not[.]" Bell v. Cone, 535 U.S. 685,695-696 (2002).

The Court of Appeals next made findings that Petitioner's case presented the identical set of facts as in the decision by the Court in an unpublished case, Dent v. State, No. 01-12-01043-CR, (Tex.App.-Houston [1st Dist.] Jan. 30, 2014,no pet.) Under an analysis of an IAC claim, the Court found no Strickland prejudice based on the attorney's hearing impediment. The Court of Appeals in Petitioner's case claimed that:

> "This case presents nearly identical facts. Bermudez's lead attorney proactively sought assistance when necessary[;] (Memo. Op., at 9).

However, the trial record doesn't reflect one instance of trial counsel "proactively" seeking assistance with his hearing problem. Instead, it shows Trial Counsel essentially ignoring the fact that his hearing impediment had become an issue.

The Court of Appeals further claimed, in its analogy to Dent:

> "[T]he trial court made identical modifications to the standard bench-conference procedure, and co-counsel provided support by relaying information to the lead attorney." (Id.)

Once again, the record tells a different story. It was not until the witness whom the Court identified as the last witness was preparing to testify did the Court suggest that co-counsel reposition his seating to assist Trial Counsel. By that time the cancer was inoperable. Furthermore, the record reflects there were no further bench conferences following the one where the Court repositioned co-counsel. The modifications in the "bench-conference procedure" claimed by the Court of Appeal were of no importance by the time they were allegedly ordered by the court.

In a case with similar implications under Cronic,the federal appeals court identified the flaw in the court of appeals reasoning:

8

"The errors and lost opportunities may not be visible in the record, and the reviewing court applying the traditional Strickland analysis may be forced to engage in "unguided speculation."" Tippins v. Walker, 77 F.3d 683,686 (2nd Cir. 1996). The Court in Tippins further recognized that "[u]nder these circumstances, where the adversary nature of the proceeding was subjected to repeated suspensions, there is little difference between saying that prejudice will be presumed and saying that prejudice has been demonstrated." Id., at 687.

The Court of Appelas points to the trial judge's supposed intervention and monitoring of Trial Counsel's hearing issues. This argument was also addressed by the Tippins decision.:

"The trial judge was so alarmed by [counsel's] sleeping during damaging testimony by [the witnesses] that he interupted proceedings to reprimand him in the hall. The prosecutor recalls that there were two such reprimands. It may be that such an awakening would have been curative if the sleeping were an isolated event. But we cannot count on a trial judge to serve as the lawyer's alarm clock whenever matters arise that touch the client's interest. A judge is not privy to the tactics or strategy of the defense, however evident they may appear to be. Indeed, it would be an inversion of the attorney-client relationship to require the defendant to alert the lawyer to imprtant events in the proceedings. In these circumstances the steps taken by the trial judge evidenced the dangerous character of the problem without curing it." Id., at 690.

The Second Circuit's reasoning aligns with that in the Fifth Circuit's decision in Burdine. In Burdine, the Court held that:

"The unconscious attorney is in fact no different from an attorney that is physically absent from trial since both are equally unable to exercise judgment on behalf of their clients. Such absences of counsel at a critical stage of a proceeding makes the adversary process unreliable, and thus a presumption of prejudice is warranted pursuant to Cronic." Id., at 262 F.3d 349.

The Court in Burdine also noted that:

"Although we may not specifically know what evidence was being presented while counsel was unconscious, we know that it was being presented by the state against Burdine." Id., at 348 fn.7

Similarly, while it is undeterminable from the record exactly which portions of the trial testimony trial counsel was unable to hear, we know for a fact that there were portions that he could not hear, as well as portions that he was hearing falsely. More

9

importantly‖ the only reason Trial Counsel's hearing impairment even came to light was because it became evident during his cross-examination of the witnesses. Inherently, there was no way to know Trial Counsel was experiencing the severe hearing loss while he sat quietly, supposedly listening to the state's examination of its winesses.

Appellate counsel's reliance on <u>Burdine</u> is on point:

> "We conclude that the Sixth Amendment principle animating Cronic's presumption of prejudice is the fundamental idea that a defendant must have actual assistance of counsel at every critical stage of a criminal proceeding for the court's reliance on the fairness of that proceeding to be justified. <u>The Court in Cronic was not concerned with the cause of counsel's absence</u>, but rather the effect of such absence on the fairness of the criminal proceeding." Id., at 345.

Trial Counsel's hearing impairment was pervasive and affected the entire trial proceedings from the voir dire, through the State's presentation of its case-in-chief, and beyond. It even affected the Court's decision to call the attorneys forward for bench conferences. The record shows that the Court abruptly abandoned the use of bench-conferences after realizing the effect it was having on the trial proceedings.

> "When we have no basis for assuming that counsel exercised judgment on behalf of his client during critical stages of trial, we have insufficient basis for trusting the fairness of that trial and consequently must presume prejudice. Id., at 349.

The Court of Appeals' decision that the severity of trial counsel's hearing impairment during critical stages of the proceedings did not constructively deny Petitioner effective assistance of counsel is in conflict with the Supreme Court's decision in Cronic. This Court should grant discretionary review.

## GROUND THREE
### DID TRIAL COUNSEL'S PERSISTENT AND CHRONIC HEARING IMPEDIMENT DENY PETITIONER HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER STRICKLAND?

10

Once again relying on the decision by the Court of Appeal in Dent v. State, No. 01-12-01043-CR, 2014 WL 346728, at 4 (Tex.App.-Houston [1st. Dist.] Jan. 30, 2014, nopet.)(mem.op., not designated for publication), the Court of Appeals in Petitioner's case highlighted the fact that the Court in Dent "found no error sufficient to satisfy the first prong of Strickland." (Memo.Op., at 8). In coming to the conclusion that the circumstances in Petitioner's case mirrored those in Dent, the Court of Appeals concluded that the "record shows that the trial court was generally able to recognize when the lead attorney had trouble hearing." (Memo.Op., at P.9). While that, arguendo, may have been true during the Court's interactions with Trial Counsel or during points in the trial when trial counsel's interactions with witnesses occurred, it is impossible for the Court of Appeals to make that determination relevant to the stages of the trial when the state was examining witnesses. To come to such a conclusion in reference to every critical stage of the proceeding would require the Court of Appeals to engage in "unguided speculation." Tippins v. Walker, 77 F. 3d at 686.

> "[The] buried assumption in our Strickland cases is that counsel is present and conscious to exercise judgment, calculation and instinct, for better or for worse. But that is an assumption we cannot make when counsel is unconscious at critical times." Burdine v. Johnson, 262 F. 3d at 349.

Moreover, Strickland's focus is on reliability in the outcome of the proceeding and conduct by counsel which undermines confidence in the outcome.

When you have a trial attorney who hears venirepersons state that they presume his client guilty before any evidence has been introduced and trial counsel's reply is "excellent. Very well," that in and of itself undermines the confidence that can be had in the overall jury selection process, which is perhaps the most critical stage of a trial. The adversarial process cannot be made to work in a particular case when the defendant is being represented by an attorney who may well be competent in terms of his knowledge of the law but unable to sufficiently utilize his knowledge and experience because his hearing is severely impaired to the degree that he's hearing wrong answers, not hearing at all, especially when he's being directly addressed by the Court.

11

THE COURT: "You may not have any problems with the last witness,.. But I want to make sure you hear everything. If you don't, stop and let me know, and I will assist you with that."

COURT COORDINATOR: "I don't think he hears you right now judge."

(4 RR 77).

It is a chilling notion that any Court would entertain the idea that an attorney operating with a hearing impairment to the degree represented by the evidence contained in the record of trial,(not to mention the evidence which may have come to light had a hearing been granted on the motion for new trial) rendered effective assistance of counsel. Review should be granted to disabuse any Texas Court of Appeals of such a notion, in light of Strickland's focus on reliability.

PRAYER

Wherefore, Petitioner respectfully request that the Court of Criminal Appeals will GRANT this Petition for Discretionary Review.

Dated: __10-13-__ , 2015          by _____
                                            Antonio Bermudez

CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing to the Harris County District Attorney, 1201 Franklin, Suite 600, Houston, TX 77002 via U.S. mail.

Dated: __10-13-__ , 2015          by _____
                                            Antonio Bermudez

12

Opinion issued July 28, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-00160-CR

———————————

**ANTONIO BERMUDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1370940

## O P I N I O N

A jury found Antonio Bermudez guilty of aggravated assault.[1] He filed a motion for new trial complaining of his trial counsel's inability to hear unspecified portions of the trial. He further asserted that his attorney's inability to hear

---

[1] TEX. PENAL CODE ANN. § 22.02 (West 2011).

effectively deprived him of his sixth amendment right to counsel. The trial court denied the motion without a hearing. On appeal, he argues that the trial court abused its discretion by not holding a hearing. We hold that (1) Bermudez preserved this issue for appellate review but (2) his motion does not present reasonable grounds to assert a violation of the sixth amendment right to counsel. Accordingly, we affirm.

## Background

Bermudez hired two attorneys to represent him at trial. One of those attorneys, who served as lead trial counsel, has poor hearing. Bermudez's other defense attorney, who second-chaired the trial, has no hearing loss.

Approximately six times during the four-day trial, the lead defense attorney asked either the trial judge or a witness to speak up or repeat a phrase. When the attorney complained of difficulty hearing bench conferences, the trial court agreed to simply dismiss the jury during the conferences so that the parties could talk at a normal volume. The attorney also had trouble hearing several witnesses, especially one witness who spoke so softly that the trial court paused the testimony to make sure the jury could hear what the witness was saying.

Bermudez timely filed a motion for new trial, contending that his lead attorney could not hear unspecified portions of the trial but, he alleges, did not always alert the trial court to that fact. Bermudez filed a second, identical motion

2

ten days later. The motion explicitly requests a hearing, outlines evidence to be adduced at that hearing, and includes a proposed order to set a date for a hearing on the motion. The trial court denied the motion on the same day without a hearing.

Bermudez timely appealed. In his sole issue, he contends that the trial court abused its discretion by denying his motion without granting him a hearing to fully develop evidence in support of the motion.

## Preservation of Error

The State contends that Bermudez waived any error from the failure to hold a hearing on the motion. To preserve error, an appealing party must present a timely, specific complaint to the trial court and obtain a ruling or refusal to rule. TEX. R. APP. P. 33.1. In this case, the State concedes that Bermudez timely filed his motion for new trial and presented it to the trial court. But it argues that Bermudez failed to specifically request a hearing on his motion or, alternatively, failed to obtain a ruling on the request.

Bermudez's motion begins: "Defendant . . . requests a hearing." The motion relies on facts "that the evidence at a hearing on this motion for new trial will show . . . ." It concludes: "Mr. Bermudez respectfully requests this Court to set a hearing on his motion . . . ." It includes two proposed orders. The first, which the trial court did not sign or mark in any way, is an order to set a hearing on the

3

motion. The second, which the trial court signed, disposes of the motion "[u]pon consideration of the motion *and argument of counsel . . . .*" (emphasis added).

The State, citing *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009), contends that merely attaching an order to set a hearing, without something more, fails to preserve error. The State also cites *Perez v. State*, 429 S.W.3d 639, 644 (Tex. Crim. App. 2014), to contend that "[b]oiler plate language in the prayer is not sufficient to put the court on notice that the appellant wants a hearing." But Bermudez's motion requests a hearing twice. It is predicated on facts to be established at a hearing. Bermudez attached a proposed order to set a hearing and another to dispose of the motion based on "argument" at that hearing. This is more than mere boilerplate language—it is an attempt to obtain a hearing.

Moreover, the motions in both *Gardner* and *Perez* were never presented to a trial court and were overruled by operation of law. *Gardner*, 306 S.W.3d at 305; *Perez v. State*, No. 10-11-00253-CR, 2013 WL 3770953, at *5 (Tex. App.—Waco July 18, 2013) (mem. op., not designated for publication), *aff'd*, 429 S.W.3d 639 (Tex. Crim. App. 2014). In contrast, the motion for new trial in this case was presented to and denied by the trial court. In *Reyes v. State*, 82 S.W.3d 351, 353 (Tex. App.—Houston [1st Dist.] 2001, no pet.), the defendant filed a motion for new trial with an attached order to set a hearing. We held that the defendant in *Reyes* preserved the issue of whether he should have received a hearing on his

4

motion for new trial, even though the trial court never marked the proposed order to set a hearing, because the defendant presented his written motion and obtained a ruling on it. *Id.* This case presents the same situation.

Finally, the State, relying on *Oestrick v. State*, 939 S.W.2d 232, 235 (Tex. App.—Austin 1997, pet. ref'd), argues that Bermudez never obtained a ruling on the proposed order to set a hearing because the court did not mark it. In *Oestrick*, the Austin Court of Appeals held that a trial court does not rule on an unmarked proposed order to set a hearing when the related motion for new trial is overruled by operation of law. *Id.* But we have held that *Oestrick* does not apply when, as in this case, "the trial court explicitly ruled on the motion for new trial by a signed order." *Torres v. State*, 4 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see Reyes*, 82 S.W.3d at 353.

Accordingly, by signing the order denying Bermudez's motion for new trial, the trial court ruled on his attached request for a hearing. Thus we conclude that Bermudez preserved the issue of whether the trial court abused its discretion by failing to hold a hearing on his motion.

### Hearing on Motion

#### A.    Standard of review

We review the trial court's denial of a hearing on a motion for new trial for abuse of discretion. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).

5

To establish an abuse of discretion, "a defendant need not establish a *prima facie* case for a single cognizable ground raised in his motion for new trial." *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (citing *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)). Instead, "a defendant need only assert reasonable grounds for relief which are not determinable from the record in order to be entitled to a hearing." *Id.* If a defendant meets this burden, a hearing on the motion is mandatory. *Torres*, 4 S.W.3d at 296.

To determine whether Bermudez asserted reasonable grounds for a new trial, we must consider the ultimate question before the trial court: Did Bermudez's attorney's hearing impairment cause him to render ineffective assistance of counsel? Courts evaluate claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under *Strickland*, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error there is a reasonable probability that the result of the proceedings would have been different. *Id.* at 687–94, 104 S. Ct. at 2064–68; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Ineffective assistance will be presumed if counsel is actually or constructively absent. *United States v. Cronic*, 466 U.S. 648, 658–59, 104 S. Ct. 2039, 2046–47 (1984). "*Cronic* held that a Sixth Amendment violation may be

6

found 'without inquiring into counsel's actual performance or requiring the defendant to show the effect it had on the trial.'" *Wright v. Van Patten*, 552 U.S. 120, 124, 128 S. Ct. 743, 746 (2008) (quoting *Bell v. Cone*, 535 U.S. 685, 695, 122 S. Ct. 1843, 1850 (2002)).

## B.     Reasonable grounds not determinable from the record

To demonstrate on appeal that the trial court erred by not granting him a hearing on his ineffective assistance of counsel claim, Bermudez must show that his attorney's inability to hear is a reasonable ground—not determinable from the record—to assert a claim of ineffective assistance of counsel. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

Bermudez's motion presents one ground for a new trial: a contention that an attorney who cannot hear is analogous to a sleeping attorney. In *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001), the Fifth Circuit concluded that "[u]nconscious counsel equates to no counsel at all." Thus, unconscious counsel is constructively absent and cannot satisfy the Sixth Amendment's right to counsel. "Unconscious counsel does not analyze, object, listen or in any way exercise judgment on behalf of a client." *Id.*

Bermudez's analogy to *Burdine* is inapposite. First, it ignores the fact that Bermudez's second-chair attorney has no hearing loss. In *Ex parte McFarland*, 163 S.W.3d 743, 760 (Tex. Crim. App. 2005), the Court of Criminal Appeals held that

7

the rule in *Burdine* does not apply when one attorney is sleeping but another is awake. Even if hearing loss were analogous to unconsciousness, the presence of co-counsel requires the rejection of Bermudez's argument.

Second, we disagree with Bermudez's contention that an attorney who cannot hear is indistinguishable from an unconscious attorney. As the *Burdine* court noted, "An unconscious attorney does not, indeed cannot, perform at all. . . . [T]he attorney that is unconscious . . . is simply not capable of exercising judgment." 262 F.3d at 349. In contrast, an attorney with hearing loss is still capable of exercising judgment. And part of his professional judgment is to discern the appropriate method, if any, to compensate for his hearing loss—whether to seek assistance from the trial court, utilize electronic aids, lip read, rely on his co-counsel, or use any other compensation technique.

This case is similar to *Dent v. State*, No. 01-12-01043-CR, 2014 WL 346728, at *4 (Tex. App.—Houston [1st Dist.] Jan. 30, 2014, no pet.) (mem. op., not designated for publication). In *Dent*, the appellant raised a number of arguments for ineffective assistance of counsel, including "that trial counsel's hearing impairment made him unable to follow the proceedings, thereby making his representation inadequate." *Id.* This Court found no error sufficient to satisfy the first prong of *Strickland*.

> Trial counsel and the court in this case were proactive in resolving any problems arising from counsel's hearing impairment. Co-counsel

8

assisted in pointing out when trial counsel was having trouble hearing, and the trial court gave co-counsel opportunities to relay the court's communications to trial counsel. Instead of holding whispered bench conferences, which trial counsel had difficulty hearing, the trial court excused the jury from the courtroom when lengthy issues arose so that discussions could take place at a normal speaking volume.

*Id.* This case presents nearly identical facts. Bermudez's lead attorney proactively sought assistance when necessary, the trial court made identical modifications to the standard bench-conference procedure, and co-counsel provided support by relaying information to the lead attorney. All of this information is discernable from the record, without the need for an evidentiary hearing.

Bermudez's motion claims that his lead attorney did not always alert the trial court that he could not hear. But even if that is true, it does not change our analysis. The record shows that the trial court was generally able to recognize when the lead attorney had trouble hearing. Regardless, we have already concluded that Bermudez's lead attorney was not constructively absent. Therefore, the issue is not the attorney's hearing, but rather the attorney's performance. In this case, the trial court saw the attorney's performance throughout the entire course of the trial. The trial court saw, and the record reflects, that the attorney proactively sought to compensate for his hearing loss just like the attorney in *Dent*. Therefore, Bermudez's motion fails to assert any reasonable grounds for relief not determinable from the record.

The trial court did not abuse its discretion by denying a hearing on the motion for new trial. Accordingly, we overrule Bermudez's sole point of error.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Publish. TEX. R. APP. P. 47.2(b).

10

Antonio Bermudez # 1911288
Eastham Unit
2665 Prison Rd. 1
Lovelady, TX 75851

Clerk,
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, TX 78711



FOREVER USA

U.S. POSTAGE
PAID
LOVELADY, TX
75851
OCT 16. 15
AMOUNT
$0.00
R2305E125504-02

1000
78711